# EXHIBIT A

```
1  Heather McMillan (188939)
   Daniel P. Stevens (164277)
2  STEVENS & McMILLAN
   335 Centennial Way
3  Tustin, CA 92780
   Tel.:  (714) 730-1000
4  Fax:   (714) 730-1067

5  Attorneys for Representative Plaintiffs:
   EVAGELOS ANDRIKOS, BRYANT BURNS,
6  MICHAEL OLVERA, PAUL RUIZ,
   JERRY VRBANOVIC
7
```

**FILED**
Superior Court of California
County of Los Angeles

**AUG 22 2019**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Isaac Lovo

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, JERRY VRBANOVIC, on behalf of themselves and other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION, PACIFIC MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING, LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED, CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES INC., INTERNATIONAL TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT, LLC, MARINE TERMINALS CORPORATION, MARINE TERMINALS CORPORATION OF LOS ANGELES, MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC., METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA STEVEDORING & | Case No.:<br><br>[Unlimited Civil Case] **19STCV29526**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>1. **Failure to Pay Wages**<br><br>2. **Failure to Pay Reporting Time Pay**<br><br>3. **Failure to Pay Expenses (Mileage)**<br><br>4. **Failure to Provide Accurate Itemized Wage Statements**<br><br>5. **Waiting Time Penalties**<br><br>6. **Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

1

Exhibit A, Page 4

CLASS ACTION COMPLAINT FOR DAMAGES

1 | TERMINALS LP, PORT )
  | MAINTENANCE GROUP, SSA )
2 | MARINE, INC., SSA TERMINALS, LLC, )
  | TERMINAL EQUIPMENT SERVICES, )
3 | INC., TOTAL TERMINALS )
  | INTERNATIONAL, LLC, TRANSPAC )
4 | TERMINAL SERVICES, LLC, TRAPAC, )
  | LLC, YUSEN TERMINALS, INC. and )
5 | DOES 1 through 100, inclusive, )

6         Defendants.

7 _____

8      Plaintiffs EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL
9 RUIZ, and JERRY VRBANOVIC ("Plaintiffs") complain and allege, on behalf of themselves and
10 all others similarly situated as follows:

11                            **INTRODUCTION**

12     1.     This action is brought as a class action under California Code of Civil Procedure
13 Section 382 to recover unpaid and unlawfully withheld wages, expenses, liquidated damages,
14 statutory penalties and other damages owed to Plaintiffs and all other longshoremen and marine
15 clerks working within the State of California, dispatched within the County of Los Angeles, and
16 employed by, or formerly employed by PACIFIC MARITIME ASSOCIATION, PACIFIC
17 MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING,
18 LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED,
19 CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE
20 SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL
21 SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES INC., INTERNATIONAL
22 TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT,
23 LLC, MARINE TERMINALS CORPORATION, MARINE TERMINALS CORPORATION OF
24 LOS ANGELES, MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC.,
25 METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC
26 CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA
27 STEVEDORING & TERMINALS LP, PORT MAINTENANCE GROUP, SSA MARINE, INC.,
28 SSA TERMINALS, LLC, TERMINAL EQUIPMENT SERVICES, INC., TOTAL TERMINALS

1  INTERNATIONAL, LLC, TRANSPAC TERMINAL SERVICES, LLC, TRAPAC, LLC, YUSEN
2  TERMINALS, INC. (hereinafter referred to as "PMA and its member companies"), and DOES 1
3  through 100. Plaintiffs are informed and believe that Defendants, and each of them, constitute an
4  association of west coast shipping, stevedoring and marine terminal companies that employ
5  longshoremen and marine clerks such as the plaintiffs.

## CASE HISTORY

2.  Defendants have a long history of refusing to compensate longshoremen and marine clerks working within the state of California for compulsory travel time from dispatch to their job location, mileage from dispatch to their job location, reporting time for casuals, time spent waiting to be dispatched, and any other uncompensated time between dispatch and the recorded start time for each of the Class Members. The longshoremen filed two class action suits in 2003 and 2008 for compensation for unpaid compulsory travel time, yet the Defendants continue to follow the same practices.

## JURISDICTION AND VENUE

3.  The Superior Court of the State of California has jurisdiction over this action pursuant to California CCP Section 410.10, because Plaintiffs have alleged state law claims under the California Labor Code, the California Industrial Welfare Commission Wage Orders, and under the California Business & Professions Code.

4.  Venue is proper in the Los Angeles County Superior Court pursuant to the Code of Civil Procedure section 395.5 because PMA and its member companies committed the wrongful acts within the County of Los Angeles.

## THE PLAINTIFFS

5.  Plaintiff Evagelos Andrikos is a resident of California. He commenced employment with PMA and its member companies in 1998. He was a regular longshoreman during the relevant time period. He also worked as an overflow marine clerk during the relevant time period.

6.  Plaintiff Bryant Burns is a resident of California. He commenced employment with PMA and its member companies in 1996. He was a marine clerk during the relevant time

3

Exhibit A, Page 6

CLASS ACTION COMPLAINT FOR DAMAGES

1 period. He was also a regular longshoreman and an overflow marine clerk during the relevant time period.

7. Plaintiff Michael Olvera is a resident of California. He commenced employment with PMA and its member companies in 1998. He was a regular longshoreman during the relevant time period and has worked as a clerk during times when he was on "limited duty" and as an overflow clerk.

8. Plaintiff Paul Ruiz is a resident of California. He commenced employment with PMA and its member companies in 2007. He was a casual longshoreman during the relevant time period.

9. Plaintiff Jerry Vrbanovic is a resident of California. He commenced employment with PMA and its member companies in 1998. He was a regular longshoreman during the relevant time period.

## THE DEFENDANTS

10. PMA and its members are companies/corporations/entities that are or were doing business in the State of California during the liability period and are jointly and severally liable for their own, and their predecessors, affiliates, corporate parents, and subsidiaries violations of the state wage and hour laws. Defendants, and each of them, are in the business of providing work and/or work assignments to Plaintiffs and Plaintiff Class Members involving longshoremen and marine clerk activities and the paperwork associated therewith. The corporate headquarters for Pacific Maritime Association are in California.

11. Plaintiffs sue Doe Defendants 1 through 100, inclusive, under fictitious names. Plaintiffs do not presently know their true names and capacities. When Plaintiffs ascertain their true names and capacities, they will amend this Class Action Complaint by inserting their true names and capacities herein.

12. At all times mentioned in this Class Action Complaint, all defendants, and each of them, were the agents and employees of their co-defendants or otherwise responsive for the conduct complained of herein, and in doing the things alleged were acting within the course and scope of that agency and employment or were otherwise responsible for the damages complained

4

Exhibit A, Page 7

**CLASS ACTION COMPLAINT FOR DAMAGES**

of by the Plaintiffs.

## GENERAL ALLEGATIONS

13. PMA and its member companies are an association of west coast shipping, stevedoring and marine terminal companies that employ longshoremen and marine clerks. PMA operates dispatch halls that dispatch longshoremen and marine clerks as needed on a daily basis to perform work assignments as requested by the various employers. PMA represents its member companies in negotiations with the unions that represent the clerks and the longshoremen.

14. Each day, individual member companies notify the hiring halls through PMA as to the numbers of longshoremen and clerks they need, the job category, the location, and the starting time.

15. The clerks and longshoremen must physically go to their respective dispatch halls to receive their assignments. They are required to be at the dispatch hall at a specific time, and then they have to wait until they receive their assignment. Once dispatched, the clerk or longshoreman must travel to the terminal to which they were assigned. Despite being under the direction and control of Defendants from the time they enter the hall, the longshoremen and clerks are not compensated for any wait time before they receive their assignment, nor are they compensated for the time it takes to travel to the location, park, and find the specific foreman at a specific location at the port. In addition, they are not paid for the mileage expense for the travel to the port. The casual longshoremen often wait an hour or more, only to find out that they did not even get an assigned job for the day, and yet the defendants refuse to pay the casuals for their wait time or the minimum reporting time pay.

## CLASS ACTION ALLEGATIONS

16. This action is being maintained as a class action pursuant to California Code of Civil Procedure Section 382 as to claims for unpaid wages, unpaid expenses, unlawfully withheld compensation, statutory penalties, attorney's fees and costs under the California Labor Code and the California Business & Professions Code. The Class Members have been denied compensation during the liability period. Plaintiffs are representatives of those other employees and are acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this

5

**Exhibit A, Page 8**

CLASS ACTION COMPLAINT FOR DAMAGES

1  action. These similarly-situated employees are known to Defendants and each of them, and are
2  readily identifiable and ascertained through Defendants' own records.

3      17.    **CLASS NO. 1** All casual longshoreman presently or formerly employed by
4  Defendants during the relevant liability period who were dispatched from any of the dispatch
5  halls in California and who were not compensated for their time at the dispatch hall, their time
6  traveling from the dispatch hall to the docks, their time for any secondary travel to that day's
7  foreman, for their mileage expenses, or for Reporting Time for each day they showed up at a hall
8  and were not given a job.

9      18.    **CLASS NO. 2** All regular longshoreman presently or formerly employed by
10 Defendants during the relevant liability period who were dispatched from any of the dispatch
11 halls in California and who were not compensated for their time at the dispatch hall, their time
12 traveling from the dispatch hall to the docks, their time for any secondary travel to that day's
13 foreman, or for their mileage expenses.

14     19.    **CLASS NO. 3** All marine clerks, overflow clerks, and limited duty clerks
15 presently or formerly employed by Defendants during the relevant liability period who were
16 dispatched from any of the halls in California and who were not compensated for their time at the
17 dispatch hall, their time traveling from the dispatch hall to the docks, their time for any secondary
18 travel to that day's foreman, or for their mileage expenses.

19     20.    This action has been brought and may properly be maintained as a class action
20 under the provisions of section 382 of the Code of Civil Procedure because there is a well-
21 defined community of interest in the litigation and the proposed classes are easily ascertainable.

22     A.    **Numerosity**

23     21.    The potential members of the classes as defined are so numerous that joinder of
24 all the members of the class is impracticable. Although the precise number of such employees is
25 unknown, the facts upon which the calculation of that number could be ascertained are located
26 within records presently within the control of the Defendants. Plaintiffs are informed and believe
27 that each class identified above has thousands of Class Members.
28 ///

**B.** **Commonality**

22. There are questions of law and fact common to the class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a) For all three classes, whether Defendants, and each of them, violated the California Labor Code, Industrial Welfare Commission Wage Orders and Business & Professions Code, by failing to pay all compensation to Class Members for time periods when they were subject to the control of the Defendant employers;

b) For all three classes, whether Class Members are under the control of the Defendant employers when they are waiting for dispatch at the dispatch hall and whether they are under the control of the Defendant employers after they have been dispatched and are directed to a specific terminal for the day thus entitling them to compensation for travel time and mileage from the dispatch office to the terminal location ;

c) For all three classes, whether Class Members are under the control of the Defendant employers from the time they arrive at the subject terminal and are required to conduct safety checks, inspections and/or travel to the location of the superintendent in charge of the day's work assignments, thus entitling Class Members to compensation;

d) For all three classes, whether Defendants have failed to keep true and accurate time records for all hours worked by Class Members;

e) For all three classes, the nature and extent of class wide injuries and the measure of damages, restitution, interest, waiting time penalties and/or any other damages to be paid by Defendants.

**C.** **Typicality**

23. The claims of the named Plaintiffs are typical of the claims of the three classes. Plaintiffs and all members of the three classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

///

7

Exhibit A, Page 10

CLASS ACTION COMPLAINT FOR DAMAGES

### D. Adequacy of Representation

24. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiffs is competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

25. Although the relative damages suffered by individual Class Members may not be de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

(Failure to Pay Wages)

(By Plaintiffs and Class Members Against All Defendants)

26. Plaintiffs hereby incorporate paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. Under California Labor Code Sections 204, 222, 223, 510, 1194, IWC Wage Orders Nos. 1-16 Sections 3, 4; and DLSE 46.1, 46.1.1, 46.2, 46.6.3, 47.4.2, 47.5, 47.5.4, Defendants were and are obligated to compensate the representative plaintiffs and all three classes for all hours they were under the control of the employer.

28. All of the class members were under the control of the employer, respectively, from the time they arrived at the dispatch hall until they received their job assignment for the day. Many of the class members continued to be under the control of the employer each day until they were able to locate that day's foreman, depending on the time they were required to report to

8

the terminal.

29.     During the liability period, neither the plaintiffs nor the respective Class Members were paid for the time they waited at the dispatch hall, the time they traveled, and the time it took to find the day's foreman each day.

30.     By failing to pay compensation due to the plaintiffs and the Class Members, Defendants willfully, knowingly and/or recklessly violated California wage and hour laws which require them to pay compensation for all hours worked while the longshoremen and marine clerks were subject to their control. Because the Class Members typically worked 8 hour or longer shifts, the Defendants will be required to pay premium pay for most of the hours that were unaccounted for as described above.

31.     As a result of the unlawful acts of the Defendants, and each of them, the plaintiffs and the Class Members have been deprived of and continue to be deprived of compensation earned in amounts that will be determined at trial. Plaintiffs and Class Members are entitled to recover the amount that they were not paid, at premium rates when applicable, interest and attorneys fees and costs under Labor Code Section 218.5.

## SECOND CAUSE OF ACTION

(Failure to Pay Reporting Time Pay)

(By Plaintiff Ruiz and Class No. 1 Members Against All Defendants)

32.     Plaintiff Ruiz hereby incorporates paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     Under California IWC Wage Orders Nos. 1-16, Section 5 and DLSE 46.7.2 (Reporting Time Pay) , if the employee is required to report to work, and does report to work, but is not put to work or is scheduled for less than half of their usual day's work, then the employer is required to pay the employee half of their usual hours, not less than 2 hours and not more than 4 hours.

34.     Plaintiff Ruiz and all of the casual longshoremen (Class No. 1) were under the control of the employers, respectively, from the time they arrived at the dispatch hall to receive their work assignments.

35. The casual longshoremen who arrive at the hall to be assigned work often were not given work assignments, yet the defendant has failed and continues to fail to pay them the required 2 to 4 hours of reporting time.

36. As a result of the unlawful acts of the Defendants, and each of them, the plaintiffs and the Class Members have been deprived of and continue to be deprived of the compensation they are due in amounts that will be determined at trial. Plaintiffs and Class Members are entitled to recover the Reporting Time Pay they were not paid, interest and costs. They are also entitled to attorneys' fees under Labor Code Section 218.5.

### THIRD CAUSE OF ACTION
(Failure to Pay Expenses (Mileage))
(By Plaintiffs and Class Members Against All Defendants)

37. Plaintiffs hereby incorporate paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. Under California Labor Code Sections 2802, Defendants were and are obligated to compensate the representative plaintiffs and all three classes for all expenses incurred by the employee in direct consequence of the discharge of their duties.

39. During the liability period, neither the plaintiffs nor the respective Class Members were paid for the mileage between the dispatch hall and the specific terminal they were assigned to each day.

40. As a result of the unlawful acts of the Defendants, and each of them, the plaintiffs and the Class Members have been deprived of and continue to be deprived indemnification for their mileage in amounts that will be determined at trial. Plaintiffs and Class Members are entitled to recover the amount that they were not paid, interest, and attorneys fees and costs under Labor Code Section 218.5.

### FOURTH CAUSE OF ACTION
(Failure to Provide Accurate Itemized Wage Statements in Violation of Lab. Code § 226)
(By Plaintiffs And Class Members against All Defendants)

41. Plaintiffs hereby incorporate by reference paragraphs 1 through 40, inclusive,

10

Exhibit A, Page 13

CLASS ACTION COMPLAINT FOR DAMAGES

1 as though fully set forth at this point.

2     42.    Labor Code 226(a) provides that every employer must furnish each of its 3 employees an accurate itemized wage statement in writing and include the following information: 4 (I) gross wages earned; (ii) total hours worked by the employee; (ii) the number of piece-rate 5 units earned and any applicable piece-rate if the employee is paid on such a basis; (iv) all 6 deductions, provided that all deductions made on written orders of the employee may be 7 aggregated and shown as one item; (v) net wages earned; (vi) the inclusive dates of the period for 8 which the employee is paid; (vii) the name of the employee and the last four digits of his or her 9 social security number or an employee identifications number other than a social security 10 number; (viii) the name and address of the legal entity that is the employer; and (ix) all 11 applicable hourly rates in effect during the pay period and the corresponding number of hours 12 worked at each hour rate by the employee.

13     43.    The Defendants intentionally and willfully failed to provide Plaintiffs and Class 14 Members with complete and accurate wage statements. In particular, the Defendants failed to 15 document and record the time Representative Plaintiffs and Class Members were under their 16 control between the check in at the dispatch and when they reported to their daily foreman, and 17 thus, Plaintiffs and Class Members' gross and net wages were inaccurate for every pay period.

18     44.    As a result of Corporate Defendants' violation of Labor Code section 226(a), 19 Plaintiffs and Class Members have suffered injuries and damages. Plaintiffs and the Class they 20 seek to represent seek to recover the penalty of $100 per person per payroll period up to the 21 maximum amount of $4,000 per person plus attorneys fees, costs, and interest.

22 **FIFTH CAUSE OF ACTION**

23 (Waiting Time Penalties Pursuant to Lab. Code, §§ 201-203)

24 (By Plaintiffs And Class Members against All Defendants)

25     45.    Plaintiffs hereby incorporate by reference paragraphs 1 through 44, inclusive, 26 as though fully set forth at this point.

27     46.    Sections 201 and 202 of the California Labor Code require Defendants to pay its 28 employees all wages due at the time of termination. Section 203 of the Labor Code provides that

1 if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue
2 to pay the subject employees' wages until the back wages are paid in full or an action is
3 commenced. The penalty cannot exceed 30 days of wages.

47. As stated above, plaintiffs and class members were not paid all of the wages due to them. Class members who were terminated or separated from employment during the applicable time period are entitled to the statutory penalty plus interest, costs and attorney's fees.

### SIXTH CAUSE OF ACTION

(By Plaintiffs and Class Members against All Defendants)

(Unfair Competition in Violation of Bus. & Prof. Code, § 17200, *et seq.*)

48. Plaintiffs hereby incorporate by reference paragraphs 1 through 47, inclusive, as though fully set forth at this point.

49. Business & Professions Code section 17200 states that unfair competition includes any unlawful, unfair or fraudulent business act.

50. Defendants had a policy and practice of refusing to pay Plaintiffs and Class Members for all of the time they were under the control of the employers, refusing to pay for mileage to the terminals, refusing to pay Reporting Time Pay, and refusing to keep accurate records as described supra.

51. These policies and practices constitute unfair, fraudulent, or unlawful business practices that violate Business and Professions Code section 17200, et seq. the Defendants, and each of them, did these acts for the specific purpose of denying wages to their employees and to convert and otherwise use the wages in question for their own personal benefit, and thereby achieve operating and profit objectives in a manner that deprived Plaintiffs and Class Members of their full pay and reimbursement of expenses.

52. As a result of Corporate Defendants' unfair competition as alleged herein, Plaintiffs and Class Members have suffered injuries in fact and lost money or property. Plaintiffs and Class Members have been deprived of the rights to wages and benefits due including those as alleged herein.

53. Pursuant to California Business & Professions Code section 17203, Plaintiffs and

Class Members are entitled to seek restitution of all wages and other monies owed to them, including interest thereon, which Corporate Defendants wrongfully withheld by means of their unlawful and unfair business practices.

54. Plaintiffs and Class Members are entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law and to avoid a multiplicity of lawsuits.

55. Plaintiffs and Class Members are informed and believe, and on that basis allege, that the illegal conduct alleged herein is continuing and there is no indication that Corporate Defendants will not continue such activity into the future. Plaintiffs and Class Members allege that if Corporate Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the wage and compensation required to be paid and will fail to comply with other requirements of California law.

56. Plaintiffs and the class they seek to represent are entitled to and seek any and all available remedies including, but not limited to, restitution, disgorgement, and recovery of reasonable attorney's fees and costs pursuant to the Code of Civil Procedure section 1021.5, Business and Professions Code section 17200 et seq., the substantial benefit doctrine, and/or the common fund doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and all present and former casual longshoremen, longshoremen and marine clerks similarly situated who join in this action, request the following relief:

1. Certification of the claims set out by the Classes pursuant to California Code of Civil Procedure Section 382 on behalf of all three classes;

2. Notice to Class Members pursuant to CCP Section 382 to all casual longshoremen, longshoremen and marine clerks who worked for Defendants within the respective liability periods of the classes;

3. For compensatory damages against Defendants to be paid to Plaintiffs and the Plaintiff Classes, according to proof;

4. For penalties for failure to keep records pursuant to Labor Code §226(e);

5. For Reporting Time Damages against Defendants to be paid to Plaintiff Paul Ruiz and the members of Class No. 1 (the casual longshoremen);

6. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendant to be paid to members of the Plaintiff Class whose employment has terminated with Defendants;

7. For an order requiring Defendants to disgorge all ill-gotten gains from its unlawful conduct in the State of California;

8. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices of refusing to pay their marine clerks and longshoremen for the time they are required to be at dispatch, the time required to travel to the location and find the foreman, and the mileage expense they incur in their drive from the dispatch hall to the ports;

9. For prejudgment interest on all amounts claimed that are readily ascertainable;

10. For attorneys' fees and costs;

11. For such other and further relief that the court considers proper.

### DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

STEVENS & McMILLAN

Dated: August 13, 2019

By: _____
DANIEL P. STEVENS
HEATHER K. MCMILLAN
Attorneys for Plaintiffs

14

Exhibit A, Page 17

CLASS ACTION COMPLAINT FOR DAMAGES