# EXHIBIT G

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/22/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV29526 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on __08/22/2019_____
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _Isaac Lovo_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit G, Page 43

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 10

**19STCV29526**                                         September 9, 2019
**EVAGELOS ANDRIKOS, et al. vs PACIFIC MARITIME**                    9:23 AM
**ASSOCIATION, et al.**

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Peremptory Challenge

The Court reviews the Peremptory Challenge filed by Jerry Vrbanovic (Plaintiff) , Bryant Burns
(Plaintiff) , Evagelos Andrikos (Plaintiff) , Michael Olvera (Plaintiff) and Paul Ruiz (Plaintiff)
on 08/30/2019 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely
filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned to Judge Ann I.
Jones in Department 11 at the Spring Street Courthouse for all further proceedings.

Moving party is to give notice.

Certificate of Mailing is attached.

**Exhibit G, Page 45**

FILED
Superior Court of California
County of Los Angeles

SEP 2 6 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By _Dejane Wortham_, Deputy
Dejane Wortham

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

EVAGELOS ANDRIKOS, et al.,

                Plaintiff,

     v.

PACIFIC MARITIME ASSOCIATION, et al.

                Defendant.

Case No. 19STCV29526

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)

Case Assigned for All Purposes to
Judge Ann I. Jones

Department: SS11
Date:  December 3, 2019
Time:  9:00 AM

This case has been assigned for all purposes to Judge Ann I. Jones in the Complex Litigation

Program.  An Initial Status Conference is set for December 3, 2019 at 9:00 AM in Department SS11

located in the Spring Street Superior Courthouse at 312 N. Spring Street,  Los Angeles, California

90012.  Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate

contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much

as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference

Class Action Response Statement five court days before the Initial Status Conference.  The Joint

Response Statement must be filed on line-numbered pleading paper and must specifically answer each

of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management

1

Exhibit G, Page 46

Statement).

1.  **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.  **STATUS OF PLEADINGS:**  Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3.  **POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4.  **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5.  **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

6.  **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

7.  **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

8.  **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER**

**CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions and verdict forms,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. **DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,  summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the

3

merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts

---

[1] See California Rule of Court, Rule 3.768.

4

on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

**Stay of Proceedings:**

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

---

[2] California Rule of Court, Rule 3.770(a)

5

**Service of this Order:**

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department SS11 and request an earlier date for the Initial Status Conference.

Dated:  September 26, 2019

RAFAEL A. ONGKEKO

_____

Rafael A. Ongkeko
Judge of the Los Angeles Superior Court

6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 11

| | |
|---|---|
| 19STCV29526 | September 26, 2019 |
| **EVAGELOS ANDRIKOS, et al. vs PACIFIC MARITIME** | 12:43 PM |
| **ASSOCIATION, et al.** | |

| | |
|---|---|
| Judge: Honorable Rafael A. Ongkeko | CSR: None |
| Judicial Assistant: D. Wortham | ERM: None |
| Courtroom Assistant: C. Concepcion | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

Judge Rafael A. Ongkeko is sitting temporarily for Judge Ann I. Jones, who is temporarily assigned to the Court of Appeal.

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 12/03/2019 at 09:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one

**Exhibit G, Page 52**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**19STCV29526**                                           September 26, 2019
**EVAGELOS ANDRIKOS, et al. vs PACIFIC MARITIME**                    12:43 PM
**ASSOCIATION, et al.**


Judge: Honorable Rafael A. Ongkeko          CSR: None
Judicial Assistant: D. Wortham              ERM: None
Courtroom Assistant: C. Concepcion          Deputy Sheriff: None

thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Certificate of Mailing is attached.

**Exhibit G, Page 53**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 11

**19STCV29526**                                                          December 3, 2019
**EVAGELOS ANDRIKOS, et al. vs PACIFIC MARITIME**                                      9:00 AM
**ASSOCIATION, et al.**

Judge: Honorable Rafael A. Ongkeko              CSR: Alicia Renee Desmond, CSR # 13037
Judicial Assistant: D. Wortham                  ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Heather Kay McMillan-Delaney

For Defendant(s):  No Appearances

Other Appearance Notes: For Plaintiff(s): Daniel P. Stevens; For Defendant(s): Clifford D.

Sethness

**NATURE OF PROCEEDINGS:** Initial Status Conference

Judge Rafael A. Ongkeko is sitting temporarily for Judge Ann I. Jones, who is temporarily assigned to the Court of Appeal.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Alicia Renee Desmond, CSR # 13037, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court has read and considered the "Joint Initial Status Conference Report," filed November 22, 2019, and issues the following Case Management Order:

1. The Court notes a "Notice of Appearance of Defendant Pacific Maritime Association" was filed December 2, 2019.

2. Pleadings. The Court lifts the pleading stay previously imposed and orders defendant to file an Answer to the summons and complaint within forty-five (45) days of today's date. . If any defendant contemplates filing a demurrer to the complaint, a telephonic conference is to be arranged with the Court pursuant to paragraph 5 below.

3. Discovery remains stayed.

4. E-service. The parties have agreed, and the Court has signed an order authorizing Case

---

Minute Order                                                          Page 1 of 2

**Exhibit G, Page 54**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 11

**19STCV29526**                                                 December 3, 2019
**EVAGELOS ANDRIKOS, et al. vs PACIFIC MARITIME**                        9:00 AM
**ASSOCIATION, et al.**

Judge: Honorable Rafael A. Ongkeko          CSR: Alicia Renee Desmond, CSR # 13037
Judicial Assistant: D. Wortham              ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Anywhere as the e-service to be used in this case. Plaintiff is to take the lead in initiating service with Case Anywhere. The parties shall use the Case Anywhere bulletin board in lieu of ex parte motions whenever possible. Argument shall not be posted on the bulletin board.

5. Telephonic Conferences. The Court handles pleading and discovery motions informally, using telephonic conferences via CourtCall. These telephone conferences should occur after a serious meet and confer between the parties and prior to any motion being filed. Parties are to post and file a 5-page joint brief two court days before the conference. Since these conferences are informal, no court reporter or audio recording is permitted.

6. Potential Related Cases. Counsel are ordered to file a Notice of Related Case for any potentially related cases pursuant California Rules of Court, Rule 3.300. This is a continuing obligation on both plaintiffs and defendants while this case is pending.

Further Status Conference is scheduled for 03/03/2020 at 10:00 AM in Department 11 at Spring Street Courthouse.

Plaintiff is to take responsibility to initiate a conference with defendant's counsel and submit a Joint Status Conference Statement to the Court five (5) court days in advance of the scheduled conference.

Counsel for plaintiff is ordered to give notice.


IT IS SO ORDERED:

Dated: December 3, 2019


_____
Rafael A. Ongkeko
Judge of the Superior Court

**Exhibit G, Page 55**