# EXHIBIT H

```
 1  Heather McMillan (188939)
    Daniel P. Stevens (164277)
 2  STEVENS & McMILLAN
    335 Centennial Way
 3  Tustin, CA 92780
    Tel.:  (714) 730-1000
 4  Fax:   (714) 730-1067

 5  Attorneys for Representative Plaintiffs:
    EVAGELOS ANDRIKOS, BRYANT BURNS,
 6  MICHAEL OLVERA, PAUL RUIZ,
    JERRY VRBANOVIC
 7
```

FILED
Superior Court of California
County of Los Angeles

DEC 06 2019

Sherri R. Carter, Executive Officer/Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, JERRY VRBANOVIC, on behalf of themselves and other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION, PACIFIC MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING, LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED, CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES INC., INTERNATIONAL TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT, LLC, MARINE TERMINALS CORPORATION, MARINE TERMINALS CORPORATION OF LOS ANGELES, MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC., METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA STEVEDORING & | Case No.: 19STCV29526  BY FAX<br><br>[Unlimited Civil Case]<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>1. Failure to Pay Wages and Overtime Wages<br><br>2. Failure to Pay Reporting Time Pay<br><br>3. Failure to Pay Expenses<br><br>4. Failure to Provide Accurate and Complete Itemized Wage Statements<br><br>5. Waiting Time Penalties<br><br>6. Unfair Competition<br><br>7. Meal and Rest Period Violations<br><br>**DEMAND FOR JURY TRIAL** |

1

```
 1  TERMINALS LP, PORT                        )
    MAINTENANCE GROUP, SSA                    )
 2  MARINE, INC., SSA TERMINALS, LLC,         )
    TERMINAL EQUIPMENT SERVICES,              )
 3  INC., TOTAL TERMINALS                     )
    INTERNATIONAL, LLC, TRANSPAC              )
 4  TERMINAL SERVICES, LLC, TRAPAC,           )
    LLC, YUSEN TERMINALS, INC.,               )
 5  CERES MARINE TERMINALS, INC.              )
    (sued as Doe 1), FENIX MARINE             )
 6  SERVICES, LTD., dba EAGLE MARINE          )
    SERVICES, LTD (sued as Doe 2),            )
 7  PACIFIC CRANE MAINTENANCE                 )
    COMPANY, LLC (sued as Doe 3), PORT        )
 8  MAINTENANCE GROUP, INC. (sued as          )
    Doe 4) and DOES 5 through 100, inclusive, )
 9                                            )
                                              )
10              Defendants.                   )
                                              )
11  _____)
```

Plaintiffs EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, and JERRY VRBANOVIC ("Plaintiffs") complain and allege, on behalf of themselves and all others similarly situated as follows:

## INTRODUCTION

1. This action is brought as a class action under California Code of Civil Procedure Section 382 to recover unpaid and unlawfully withheld wages, expenses, liquidated damages, statutory penalties and other damages owed to Plaintiffs and all other longshoremen and marine clerks working within the State of California, dispatched within the County of Los Angeles, and employed by, or formerly employed by PACIFIC MARITIME ASSOCIATION, PACIFIC MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING, LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED, CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES INC., INTERNATIONAL TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT, LLC, MARINE TERMINALS CORPORATION, MARINE TERMINALS CORPORATION OF LOS ANGELES, MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC.,

1  METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC
2  CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA
3  STEVEDORING & TERMINALS LP, PORT MAINTENANCE GROUP, SSA MARINE, INC.,
4  SSA TERMINALS, LLC, TERMINAL EQUIPMENT SERVICES, INC., TOTAL TERMINALS
5  INTERNATIONAL, LLC, TRANSPAC TERMINAL SERVICES, LLC, TRAPAC, LLC, YUSEN
6  TERMINALS, INC., CERES MARINE TERMINALS, INC. (sued as Doe 1), FENIX MARINE
7  SERVICES, LTD., dba EAGLE MARINE SERVICES, LTD (sued as Doe 2), PACIFIC CRANE
8  MAINTENANCE COMPANY, LLC (sued as Doe 3), PORT MAINTENANCE GROUP, INC. (sued
9  as Doe 4) (hereinafter referred to as "PMA and its member companies"), and DOES 5 through 100.
10 Plaintiffs are informed and believe that Defendants, and each of them, constitute an association of
11 west coast shipping, stevedoring and marine terminal companies that employ longshoremen and
12 marine clerks such as the plaintiffs.

## CASE HISTORY

2. Defendants have a long history of refusing to compensate longshoremen and marine clerks working within the state of California for compulsory travel time from dispatch to their job location, mileage from dispatch to their job location, reporting time for casuals, time spent waiting to be dispatched, and any other uncompensated time between dispatch and the recorded start time for each of the Class Members. The longshoremen filed two class action suits in 2003 and 2008 for compensation for unpaid compulsory travel time, yet the Defendants continue to follow the same practices.

## JURISDICTION AND VENUE

3. The Superior Court of the State of California has jurisdiction over this action pursuant to California CCP Section 410.10, because Plaintiffs have alleged state law claims under the California Labor Code, the California Industrial Welfare Commission Wage Orders, and under the California Business & Professions Code.

4. Venue is proper in the Los Angeles County Superior Court pursuant to the Code of Civil Procedure section 395.5 because PMA and its member companies committed the wrongful acts within the County of Los Angeles.

3

CLASS ACTION COMPLAINT FOR DAMAGES

## THE PLAINTIFFS

5. Plaintiff Evagelos Andrikos is a resident of California. He commenced employment with PMA and its member companies in 1998. He was a regular longshoreman during the relevant time period. He also worked as an overflow marine clerk during the relevant time period.

6. Plaintiff Bryant Burns is a resident of California. He commenced employment with PMA and its member companies in 1996. He was a marine clerk during the relevant time period. He was also a regular longshoreman and an overflow marine clerk during the relevant time period.

7. Plaintiff Michael Olvera is a resident of California. He commenced employment with PMA and its member companies in 1998. He was a regular longshoreman during the relevant time period and has worked as a clerk during times when he was on "limited duty" and as an overflow clerk.

8. Plaintiff Paul Ruiz is a resident of California. He commenced employment with PMA and its member companies in 2007. He was a casual longshoreman during the relevant time period.

9. Plaintiff Jerry Vrbanovic is a resident of California. He commenced employment with PMA and its member companies in 1998. He was a regular longshoreman during the relevant time period.

## THE DEFENDANTS

10. PMA and its members are companies/corporations/entities that are or were doing business in the State of California during the liability period and are jointly and severally liable for their own, and their predecessors, affiliates, corporate parents, and subsidiaries violations of the state wage and hour laws. Defendants, and each of them, are in the business of providing work and/or work assignments to Plaintiffs and Plaintiff Class Members involving longshoremen and marine clerk activities and the paperwork associated therewith. The corporate headquarters for Pacific Maritime Association are in California.

11. Plaintiffs sue Doe Defendants 5 through 100, inclusive, under fictitious names.

4

1 Plaintiffs do not presently know their true names and capacities. When Plaintiffs ascertain their
2 true names and capacities, they will amend this Class Action Complaint by inserting their true
3 names and capacities herein.

4     12.    At all times mentioned in this Class Action Complaint, all defendants, and each of
5 them, were the agents and employees of their co-defendants or otherwise responsive for the
6 conduct complained of herein, and in doing the things alleged were acting within the course and
7 scope of that agency and employment or were otherwise responsible for the damages complained
8 of by the Plaintiffs.

## GENERAL ALLEGATIONS

10     13.    PMA and its member companies are an association of west coast shipping,
11 stevedoring and marine terminal companies that employ longshoremen and marine clerks. PMA
12 operates dispatch halls that dispatch longshoremen and marine clerks as needed on a daily basis
13 to perform work assignments as requested by the various employers. PMA represents its member
14 companies in negotiations with the unions that represent the clerks and the longshoremen.

15     14.    Each day, individual member companies notify the hiring halls through PMA as to
16 the numbers of longshoremen and clerks they need, the job category, the location, and the
17 starting time.

18     15.    The clerks and longshoremen must physically go to their respective dispatch halls
19 to receive their assignments. They are required to be at the dispatch hall at a specific time, and
20 then they have to wait until they receive their assignment. Once dispatched, the clerk or
21 longshoreman must travel to the terminal to which they were assigned. Despite being under the
22 direction and control of Defendants from the time they enter the hall, the longshoremen and
23 clerks are not compensated for any wait time before they receive their assignment, nor are they
24 compensated for the time it takes to travel to the location, park, and find the specific foreman at a
25 specific location at the port. In addition, they are not paid for the mileage expense for the travel
26 to the port. The casual longshoremen often wait an hour or more, only to find out that they did
27 not even get an assigned job for the day, and yet the defendants refuse to pay the casuals for their
28 wait time or the minimum reporting time pay.

16. In addition, the employers have a pattern and practice of denying the non exempt employees meal periods and rest breaks and failing to pay the employees for all of their expenses, including but not limited to: TWIC cards, goggles, rain gear, knee pads, elbow pads, respirators and gloves.

## CLASS ACTION ALLEGATIONS

17. This action is being maintained as a class action pursuant to California Code of Civil Procedure Section 382 as to claims for unpaid wages, unpaid expenses, unlawfully withheld compensation, statutory penalties, attorney's fees and costs under the California Labor Code and the California Business & Professions Code. The Class Members have been denied compensation during the liability period. Plaintiffs are representatives of those other employees and are acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action. These similarly-situated employees are known to Defendants and each of them, and are readily identifiable and ascertained through Defendants' own records.

18. **CLASS NO. 1** All casual longshoreman presently or formerly employed by Defendants during the relevant liability period who were dispatched from any of the dispatch halls in California and who were not compensated for their time at the dispatch hall, their time traveling from the dispatch hall to the docks, their time for any secondary travel to that day's foreman, for their mileage expenses, or for Reporting Time for each day they showed up at a hall and were not given a job.

19. **CLASS NO. 2** All regular longshoreman presently or formerly employed by Defendants during the relevant liability period who were dispatched from any of the dispatch halls in California and who were not compensated for their time at the dispatch hall, their time traveling from the dispatch hall to the docks, their time for any secondary travel to that day's foreman, or for their mileage expenses.

20. **CLASS NO. 3** All marine clerks, overflow clerks, limited duty clerks and any other non exempt employees presently or formerly employed by Defendants during the relevant liability period who were dispatched from any of the halls in California and who were not compensated for their time at the dispatch hall, their time traveling from the dispatch hall to the

6

1  docks, their time for any secondary travel to that day's foreman, or for their mileage expenses.

2  21.  **CLASS NO. 4** All non exempt employees who were not paid all of their expenses, including but not limited to: TWIC cards, goggles, rain gear, knee pads, elbow pads, respirators and gloves.

5  22.  **CLASS NO. 5** All non exempt employees who did not receive all of their mandated breaks and meal periods.

7  23.  **CLASS NO. 6** All non exempt employees who were given pay stubs that did not accurately reflect all of the required information.

9  24.  This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

**A.  Numerosity**

25.  The potential members of the classes as defined are so numerous that joinder of all the members of the class is impracticable. Although the precise number of such employees is unknown, the facts upon which the calculation of that number could be ascertained are located within records presently within the control of the Defendants. Plaintiffs are informed and believe that each class identified above has thousands of Class Members.

**B.  Commonality**

26.  There are questions of law and fact common to the class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a)  Whether Defendants, and each of them, violated the California Labor Code, Industrial Welfare Commission Wage Orders and Business & Professions Code, by failing to pay all compensation to Class Members for time periods when they were subject to the control of the Defendant employers;

b)  Whether Class Members are under the control of the Defendant employers when they are waiting for dispatch at the dispatch hall and whether they are under the control of the Defendant employers after they have been dispatched and are directed to a specific terminal

7

**CLASS ACTION COMPLAINT FOR DAMAGES**

for the day thus entitling them to compensation for travel time and mileage from the dispatch office to the terminal location;

  c) Whether Class Members are under the control of the Defendant employers from the time they arrive at the subject terminal and are required to conduct safety checks, inspections and/or travel to the location of the superintendent in charge of the day's work assignments, thus entitling Class Members to compensation;

  d) Whether Defendants have failed to keep true and accurate time records for all hours worked by Class Members and whether the time records have all of the required information on them;

  e) Whether Defendants have a pattern and practice of requiring employees to work through breaks and or meal periods;

  f) Whether Defendant failed to pay for all expenses including but not limited to: TWIC cards, goggles, rain gear, knee pads, elbow pads, respirators and gloves.

  g) The nature and extent of class wide injuries and the measure of damages, restitution, interest, waiting time penalties and/or any other damages to be paid by Defendants.

**C.** **Typicality**

27. The claims of the named Plaintiffs are typical of the claims of all of the classes. Plaintiffs and all members of the classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.** **Adequacy of Representation**

28. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiffs is competent and experienced in litigating employment class actions.

**E.** **Superiority of Class Action**

29. Although the relative damages suffered by individual Class Members may not be de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs may lack the financial resources to vigorously

8

prosecute a lawsuit against a corporate defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

(Failure to Pay Wages and Overtime Wages)

(By Plaintiffs and Class Members Against All Defendants)

30. Plaintiffs hereby incorporate paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Under California Labor Code Sections 204, 222, 223, 510, 1194, IWC Wage Orders Nos. 1-16 Sections 3, 4; and DLSE 46.1, 46.1.1, 46.2, 46.6.3, 47.4.2, 47.5, 47.5.4, Defendants were and are obligated to compensate the representative plaintiffs and all three classes for all hours they were under the control of the employer.

32. All of the class members were under the control of the employer, respectively, from the time they arrived at the dispatch hall until they received their job assignment for the day. Many of the class members continued to be under the control of the employer each day until they were able to locate that day's foreman, depending on the time they were required to report to the terminal.

33. During the liability period, neither the plaintiffs nor the respective Class Members were paid for the time they waited at the dispatch hall, the time they traveled, and the time it took to find the day's foreman each day.

34. By failing to pay compensation due to the plaintiffs and the Class Members, Defendants willfully, knowingly and/or recklessly violated California wage and hour laws which require them to pay compensation for all hours worked while the longshoremen and marine clerks were subject to their control. Because the Class Members typically worked 8 hour or

9

longer shifts, the Defendants will be required to pay premium pay for most of the hours that were unaccounted for as described above.

35. As a result of the unlawful acts of the Defendants, and each of them, the plaintiffs and the Class Members have been deprived of and continue to be deprived of compensation earned in amounts that will be determined at trial. Plaintiffs and Class Members are entitled to recover the amount that they were not paid, at premium rates when applicable, interest and attorneys fees and costs under Labor Code Section 218.5.

## SECOND CAUSE OF ACTION

(Failure to Pay Reporting Time Pay)

(By Plaintiff Ruiz and Class No. 1 Members Against All Defendants)

36. Plaintiff Ruiz hereby incorporates paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Under California IWC Wage Orders Nos. 1-16, Section 5 and DLSE 46.7.2 (Reporting Time Pay), if the employee is required to report to work, and does report to work, but is not put to work or is scheduled for less than half of their usual day's work, then the employer is required to pay the employee half of their usual hours, not less than 2 hours and not more than 4 hours.

38. Plaintiff Ruiz and all of the casual longshoremen (Class No. 1) were under the control of the employers, respectively, from the time they arrived at the dispatch hall to receive their work assignments.

39. The casual longshoremen who arrive at the hall to be assigned work often were not given work assignments, yet the defendant has failed and continues to fail to pay them the required 2 to 4 hours of reporting time.

40. As a result of the unlawful acts of the Defendants, and each of them, the plaintiffs and the Class Members have been deprived of and continue to be deprived of the compensation they are due in amounts that will be determined at trial. Plaintiffs and Class Members are entitled to recover the Reporting Time Pay they were not paid, interest and costs. They are also entitled to attorneys' fees under Labor Code Section 218.5.

10

CLASS ACTION COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

(Failure to Pay Expenses)

(By Plaintiffs and Class Members Against All Defendants)

41. Plaintiffs hereby incorporate paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. Under California Labor Code Sections 2802, Defendants were and are obligated to compensate the representative plaintiffs and all plaintiff classes for all expenses incurred by the employee in direct consequence of the discharge of their duties.

43. During the liability period, neither the plaintiffs nor the respective Class Members were paid for the mileage between the dispatch hall and the specific terminal they were assigned to each day. In addition, they were not paid other necessary expenses including, but not limited to: TWIC cards, goggles, rain gear, knee pads, elbow pads, respirators and gloves.

44. As a result of the unlawful acts of the Defendants, and each of them, the plaintiffs and the Class Members have been deprived of and continue to be deprived indemnification for these expenses in amounts that will be determined at trial. Plaintiffs and Class Members are entitled to recover the amount that they were not paid, interest, and attorneys fees and costs under Labor Code Section 218.5.

## FOURTH CAUSE OF ACTION

(Failure to Provide Accurate and Complete Itemized Wage Statements)

(By Plaintiffs And Class Members against All Defendants)

45. Plaintiffs hereby incorporate by reference paragraphs 1 through 44, inclusive, as though fully set forth at this point.

46. Labor Code 226(a) provides that every employer must furnish each of its employees an accurate itemized wage statement in writing and include the following information: (I) gross wages earned; (ii) total hours worked by the employee; (ii) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on such a basis; (iv) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (v) net wages earned; (vi) the inclusive dates of the period for

11

which the employee is paid; (vii) the name of the employee and the last four digits of his or her social security number or an employee identifications number other than a social security number; (viii) the name and address of the legal entity that is the employer; and (ix) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hour rate by the employee.

47. The Defendants intentionally and willfully failed to provide Plaintiffs and Class Members with complete and accurate wage statements. In particular, the Defendants failed to document and record the time Representative Plaintiffs and Class Members were under their control between the check in at the dispatch and when they reported to their daily foreman, and thus, Plaintiffs and Class Members' gross and net wages were inaccurate for every pay period. In addition, they failed to provide employer names and addresses and failed to include dates of the pay period for each employer.

48. As a result of Corporate Defendants' violation of Labor Code section 226(a), Plaintiffs and Class Members have suffered injuries and damages. Plaintiffs and the Class they seek to represent seek to recover the penalty of $100 per person per payroll period up to the maximum amount of $4,000 per person plus attorneys fees, costs, and interest.

## FIFTH CAUSE OF ACTION

(Waiting Time Penalties Pursuant to Lab. Code, §§ 201-203)

(By Plaintiffs And Class Members against All Defendants)

49. Plaintiffs hereby incorporate by reference paragraphs 1 through 48, inclusive, as though fully set forth at this point.

50. Sections 201 and 202 of the California Labor Code require Defendants to pay its employees all wages due at the time of termination. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

51. As stated above, plaintiffs and class members were not paid all of the wages due to them. Class members who were terminated or separated from employment during the

12

CLASS ACTION COMPLAINT FOR DAMAGES

applicable time period are entitled to the statutory penalty plus interest, costs and attorney's fees.

## SIXTH CAUSE OF ACTION

(By Plaintiffs and Class Members against All Defendants)

(Unfair Competition in Violation of Bus. & Prof. Code, § 17200, *et seq.*)

52. Plaintiffs hereby incorporate by reference paragraphs 1 through 51, inclusive, as though fully set forth at this point.

53. Business & Professions Code section 17200 states that unfair competition includes any unlawful, unfair or fraudulent business act.

54. Defendants had a policy and practice of refusing to pay Plaintiffs and Class Members for all of the time they were under the control of the employers, refusing to pay for mileage to the terminals, refusing to pay Reporting Time Pay, refusing to keep accurate records, refusing to provide meal periods and rest breaks, and refusing to pay all necessary expenses, as described supra.

55. These policies and practices constitute unfair, fraudulent, or unlawful business practices that violate Business and Professions Code section 17200, et seq. the Defendants, and each of them, did these acts for the specific purpose of denying wages to their employees and to convert and otherwise use the wages in question for their own personal benefit, and thereby achieve operating and profit objectives in a manner that deprived Plaintiffs and Class Members of their full pay and reimbursement of expenses.

56. As a result of Corporate Defendants' unfair competition as alleged herein, Plaintiffs and Class Members have suffered injuries in fact and lost money or property. Plaintiffs and Class Members have been deprived of the rights to wages and benefits due including those as alleged herein.

57. Pursuant to California Business & Professions Code section 17203, Plaintiffs and Class Members are entitled to seek restitution of all wages and other monies owed to them, including interest thereon, which Corporate Defendants wrongfully withheld by means of their unlawful and unfair business practices.

58. Plaintiffs and Class Members are entitled to an injunction and other declaratory

13

1 and equitable relief against such practices to prevent future damage for which there is no
2 adequate remedy at law and to avoid a multiplicity of lawsuits.

3     59.    Plaintiffs and Class Members are informed and believe, and on that basis allege,
4 that the illegal conduct alleged herein is continuing and there is no indication that Corporate
5 Defendants will not continue such activity into the future. Plaintiffs and Class Members allege
6 that if Corporate Defendants are not enjoined from the conduct set forth in this Complaint, they
7 will continue to fail to pay the wage and compensation required to be paid and will fail to comply
8 with other requirements of California law.

9     60.    Plaintiffs and the class they seek to represent are entitled to and seek any and all
10 available remedies including, but not limited to, restitution, disgorgement, and recovery of
11 reasonable attorney's fees and costs pursuant to the Code of Civil Procedure section 1021.5,
12 Business and Professions Code section 17200 et seq., the substantial benefit doctrine, and/or the
13 common fund doctrine.

14 **SEVENTH CAUSE OF ACTION**
15 (Meal and Rest Period Violations)
16 (By Plaintiffs and Class Members Against All Defendants)

17     61.    Plaintiffs hereby incorporate by reference paragraphs 1 through 60, inclusive, as
18 though fully set forth at this point.

19     62.    An employer must provide no less than 30-minute meal period to employees
20 whose work period per day exceeds five hours. (Cal. Labor Code § 512(a).) In addition, an
21 employer must provide rest time of 10 minutes per every four hours worked. (IWC Order 4-
22 2002, ¶ 12.)

23     63.    The employer had a pattern and practice of denying meal and rest periods to its
24 employees even though they had written policies to the contrary.

25     64.    The wage due to each plaintiff and members of the plaintiff classes for each meal
26 and rest period violation is equal to one hour of pay (IWC Order 4-2001, ¶¶ 11-12.)

27     65.    Plaintiffs and plaintiff classes also demand recovery for attorney's fees, costs and
28 interest.

**CLASS ACTION COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiffs, on behalf of themselves and all present and former casual longshoremen, longshoremen, marine clerks and other non exempt employees similarly situated who join in this action, request the following relief:

1. Certification of the claims set out by the Classes pursuant to California Code of Civil Procedure Section 382 on behalf of all classes;

2. Notice to Class Members pursuant to CCP Section 382 to all casual longshoremen, longshoremen, marine clerks and other non exempt employees who worked for Defendants within the respective liability periods of the classes;

3. For compensatory damages against Defendants to be paid to Plaintiffs and the Plaintiff Classes, according to proof;

4. For penalties for failure to keep accurate and complete records pursuant to Labor Code §226(e);

5. For Reporting Time Damages against Defendants to be paid to Plaintiff Paul Ruiz and the members of Class No. 1 (the casual longshoremen);

6. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendant to be paid to members of the Plaintiff Class whose employment has terminated with Defendants;

7. For an order requiring Defendants to disgorge all ill-gotten gains from its unlawful conduct in the State of California;

8. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices of refusing to pay their marine clerks and longshoremen for the time they are required to be at dispatch, the time required to travel to the location and find the foreman, and the mileage expense they incur in their drive from the dispatch hall to the ports;

9. For a one hour penalty for each break or meal period that was denied to members of the class;

15

CLASS ACTION COMPLAINT FOR DAMAGES

10. For prejudgment interest on all amounts claimed that are readily ascertainable;

11. For attorneys' fees and costs;

12. For such other and further relief that the court considers proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

STEVENS & McMILLAN

Dated: December 6, 2019

By: _____
DANIEL P. STEVENS
HEATHER K. MCMILLAN
Attorneys for Plaintiffs

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. I am employed in the County of Orange, State of California; my business address is 335 Centennial Way, Tustin, California 92780.

On the date set forth below, I served on all interested parties in this action the foregoing document described as: **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** by placing [ ] the original [X] copies enclosed in sealed envelopes addressed to the persons and addresses as stated below:

Cliff Sethness
MORGAN LEWIS
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
*Attorneys for Defendant Pacific Maritime Association*

APM TERMINALS PACIFIC, LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

APS STEVEDORING, LLC
c/o National Registered Agents Inc.
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

BENICIA PORT TERMINAL COMPANY
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

CERES MARINE TERMINALS INC. (Doe 1)
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833

CERES TERMINALS INCORPORATED
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

CRESCENT CITY MARINE COMPANY, INC.,
c/o Emile Schiff
1607 W Pier D St.
Long Beach, CA 90802

EVERPORT TERMINAL SERVICES, INC.
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

FENIX MARINE SERVICE SERVICES, LTD. (Doe 2)
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

HARBOR INDUSTRIAL SERVICES CORPORATION
c/o William M. Hawke
211 NORTH MARINE AVENUE
Wilmington, CA 90744

INNOVATIVE TERMINAL SERVICES INC.
c/o William M. Hawke
211 NORTH MARINE AVENUE
Wilmington, CA 90744

INTERNATIONAL TRANSPORTATION SERVICE, INC.,
c/o KIYOICHI KOJITANI
1281 PIER G WAY
Long Beach, CA 90802

KINDER MORGAN BULK TERMINALS LLC
c/o Capital Corporate Services, Inc
8550 UNITED PLAZA BUILDING II, STE. 305
Baton Rouge, LA 70809

LBCT, LLC
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

MARINE TERMINALS CORPORATION
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

MATSON NAVIGATION COMPANY, INC.
c/o Peter T. Heilmann
555 12TH STREET, SUITE 700
Oakland, CA 94607

17

**CLASS ACTION COMPLAINT FOR DAMAGES**

| | |
|---|---|
| MATSON TERMINALS, INC.<br>c/o VP/General Counsel<br>1411 Sand Island Parkway<br>Honolulu, HI 96819-4322 | SSA MARINE, INC.<br>c/o Candice M. Woods<br>PO Box 24868<br>Seattle, WA 98124-0868 |
| METROPOLITAN STEVEDORE COMPANY<br>c/o CT Corporation System<br>818 West 7th St., #930<br>Los Angeles, CA 90017 | SSA TERMINALS, LLC<br>c/o CSC Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| OCEAN TERMINAL SERVICES, INC.<br>c/o Nicholas G. Tonsich<br>2500 VIA CABRILLO MARINA SUITE 300<br>San Pedro, CA 90731 | TERMINAL EQUIPMENT SERVICES, INC.<br>c/o David B. Zelhart<br>1145 6TH STREET<br>Hermosa Beach, CA 90254 |
| PACIFIC CRANE MAINTENANCE COMPANY, LLC (Doe 3)<br>c/o CT Corporation System<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 | TOTAL TERMINALS INTERNATIONAL, LLC<br>c/o CT Corporation System<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 |
| PACIFIC RO-RO STEVEDORING, LLC<br>c/o CSC Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | TRANSPAC TERMINAL SERVICES, LLC<br>c/o CT Corporation System<br>818 West Seventh Street, Suite 930<br>Los Angeles, CA 90017 |
| PASHA STEVEDORING & TERMINALS LP<br>c/o Amy E. Manning<br>4040 CIVIC CENTER DR STE 350<br>San Rafael, CA 94903 | TRAPAC, LLC<br>c/o CSC Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |
| PORT MAINTENANCE GROUP, INC. (Doe 4)<br>c/o Stephen T. Bogard<br>825 N PARK CENTER DRIVE, SUITE 200<br>Santa Ana, CA 92705 | YUSEN TERMINALS, INC.<br>c/o CSC Lawyers Incorporating Service<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 |

[X]  **BY U.S. MAIL:** I caused each such envelope to be deposited in the mail at Tustin, California, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service with postage thereon fully prepaid on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[X]  **[State]** I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on December 6, 2019 at Tustin, California.

_/s/ Ken Ho_
Ken Ho

18

CLASS ACTION COMPLAINT FOR DAMAGES