# EXHIBIT I

| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | Clifford D. Sethness (Bar No. 212975) |
| 2 | 300 South Grand Avenue |
| | Twenty-Second Floor |
| 3 | Los Angeles, CA 90071-3132 |
| | Tel.: +1.213.612.2500 |
| 4 | Fax: +1.213.612.2501 |
| | clifford.sethness@morganlewis.com |
| 5 | |
| | MORGAN, LEWIS & BOCKIUS LLP |
| 6 | Eric Meckley (Bar No. 168181) |
| | One Market, Spear Street Tower |
| 7 | San Francisco, California 94105-1596 |
| | Telephone:   +1.415.442.1000 |
| 8 | Facsimile:   +1.415.442.1001 |
| | eric.meckley@morganlewis.com |
| 9 | |
| 10 | Attorneys for |
| | PACIFIC MARITIME ASSOCIATION, et al. |

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| 15 | EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, JERRY VRBANOVIC, on behalf of themselves and other similarly situated non-exempt former and current employees, | Case No. 19STCV29526 |
| 16 | | CLASS ACTION |
| 17 | | Assigned for All Purposes to Hon. Ann I. Jones |
| 18 | Plaintiffs, | Department SS11 |
| 19 | vs. | |
| 20 | PACIFIC MARITIME ASSOCIATION, PACIFIC MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING, LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED, CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES INC., INTERNATIONAL TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT, LLC, MARINE TERMINALS CORPORATION, | **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 21 | | |
| 22 | | Action Filed:   August 22, 2019 |
| | | Trial Date:      None Set |

**Exhibit I, Page 76**

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | MARINE TERMINALS CORPORATION OF LOS ANGELES, MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC., METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA STEVEDORING & TERMINALS LP, PORT MAINTENANCE GROUP, SSA MARINE, INC., SSA TERMINALS, LLC, TERMINAL EQUIPMENT SERVICES, INC., TOTAL TERMINALS INTERNATIONAL, LLC, TRANSPAC TERMINAL SERVICES, LLC, TRAPAC, LLC, YUSEN TERMINALS, INC. and DOES 1 through 100, inclusive,<br><br>                    Defendants. |

Defendants Pacific Maritime Association[1], APM Terminals Pacific LLC, APS Stevedoring, LLC, Benicia Port Terminal Company, Ceres Marine Terminals Inc., Ceres Terminals Incorporated, Crescent City Marine Ways & Drydock Company, Inc., Eagle Marine Services, Inc., Fenix Marine Services, Ltd. dba Eagle Marine Services Ltd., Everport Terminal Services, Inc., Harbor Industrial Services Corporation, Innovative Terminal Services Inc., International Transportation Service, Inc., Kinder Morgan Bulk Terminals LLC, LBCT, LLC, Marine Terminals Corporation, Marine Terminals Corporation of Los Angeles, Matson Navigation Company, Inc., Matson Terminals, Inc., Metropolitan Stevedore Company, Ocean Terminal Services, Inc., Pacific Crane Maintenance Company LP, Pacific Crane Maintenance Port Company, LLC, Pacific Ro-Ro Stevedoring, LLC, Pasha Stevedoring & Terminals LP, Port Maintenance Group, Port Maintenance Group, Inc., SSA Marine Inc., SSA Terminals, LLC, Terminal Equipment Services, Inc., Transpac Terminal Services, LLC, Trapac, LLC, Yusen Terminals, Inc., for themselves and not on behalf on any other named defendant entities (hereinafter collectively referred to as "Defendants"),[2] by and through their undersigned counsel, hereby answer the allegations contained in Plaintiffs Evagelos Andrikos, Bryant Burns, Michael Olvera, Paul Ruiz, Jerry Vrbanovic's ("Plaintiffs") unverified First Amended Complaint ("FAC"), as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants generally deny each, every, and all material allegations of the FAC, each and every purported cause of action set forth therein, and the whole thereof. Defendants further deny that Plaintiffs or any other current or former employees sought to be represented have been damaged in any sum or sums, or at all, or that Plaintiffs have suffered, incurred or will suffer or incur any injury, damage or loss by reason of any act, omission to act, or any conduct, whether negligent, intentional, or otherwise, on the part of Defendants.

---

[1] Plaintiffs also named "Pacific Maritime Association, Inc." as a Defendant in this matter. Pacific Maritime Association, Inc. is incorrectly named and not an actual entity.

[2] The Defendants filing this Answer include all named, actual entities except for Total Terminals International LLC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

1

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit I, Page 78

## DEFENSES

The defenses asserted below are based on Defendants' knowledge, information, and belief at this time. Defendants reserve the right to modify, amend, and/or supplement any defense at a later time. Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants allege the following separate defenses to Plaintiffs' FAC and pray for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. The FAC fails to state a cause of action upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. The claims of Plaintiffs and some or all purported class members are barred in whole or in part by any and all applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 337(a), 338(a), 340(a) and (b), and California Business & Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

**(Defendant(s) Not an Employer)**

3. The claims of Plaintiffs and the claims of others they seek to represent against Defendants are barred to the extent that they were not employed by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

**(Fault of Others/Comparative Fault)**

4. Plaintiffs' claims and the claims of others they seek to represent against Defendants are barred because any damages, losses or liability, if they exist at all, were proximately caused and/or contributed to by the conduct of others, not Defendants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

2

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit I, Page 79

### FIFTH AFFIRMATIVE DEFENSE

### (Proportional Fault)

5. Defendants allege that any alleged liability, which Defendants deny exists, is attributable only proportionally to Defendants, and such alleged liability, if any, and which Defendants deny, is proportionally attributable to a party or parties other than Defendants.

### SIXTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

6. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that although they deny that they committed, or have responsibility for, any act that could support the recovery of penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of penalties against Defendants are unconstitutional under the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment of the United States Constitution and the excessive fines clause of § 17 of Article 1 of the California Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Plaintiffs' claims, and the claims of and some or all of the others they seek to represent, are barred to the extent such claims have been waived, discharged, and/or abandoned.

### EIGHTH AFFIRMATIVE DEFENSE

### (Release)

8. To the extent that Plaintiffs or any of the others they seek to represent entered into any agreement containing a release of claims, any such individual has released one or more of the claims alleged in the FAC and such individual's claims are thus barred.

### NINTH AFFIRMATIVE DEFENSE

### (Conflicts of Interest)

9. The interests of Plaintiffs and/or certain alleged putative class members are in conflict with the interests of other alleged putative class members who Plaintiffs purport to represent in this action.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

DB2/ 37934759.1

3

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit I, Page 80

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10. Plaintiffs' claims and/or the claims of some or all of the others they seek to represent are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

11. Plaintiffs' claims and/or the claims of some or all others they seek to represent are barred, in whole or in part, by the *de minimis* doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

12. Plaintiffs and/or certain alleged putative class members failed to perform the conditions necessary to give rise to any obligation for the payment of any wages and/or expenses alleged in the FAC.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

13. Plaintiffs lack standing and cannot represent the interests of the others as to some or all of the alleged Labor Code violations to the extent that Plaintiffs are not employed by Defendants and/or otherwise lacks standing to bring such claim(s) or to seek relief against Defendants in either an individual capacity or in a class capacity on behalf of other current and former employees.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, and Oppressive, or Confiscatory Penalties)

14. Plaintiffs and the alleged putative class members are not entitled to recover any statutory penalties against Defendants. If civil penalties are awarded, such penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and/or confiscatory.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Grievance and Arbitration)

15. Plaintiffs' FAC and each claim therein, or some of them, may not be litigated in court because some or all of Plaintiffs' claims and those of some or all of the individuals they seek to represent are subject to grievance procedures and mandatory, final and binding arbitration pursuant to one or more applicable collective bargaining agreements.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Jury Trial – Certain Claims)

16. Plaintiffs are not entitled to a trial by jury of certain of their claims, including their Cause of Action under California Business & Professions Code sections 17200, *et seq*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate/Avoidable Consequences)

17. Plaintiffs' claims and/or the claims of some or all of the others they seek to represent are barred in whole or in part to the extent they have not appropriately nor adequately mitigated their alleged damages, if any. Plaintiffs' damages and the sought after penalties, if any, must be reduced because they failed to take advantage of any preventative or corrective safeguards or otherwise to avoid harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

18. The FAC, and each cause of action alleged therein, is barred, in whole or in part, because each Defendant complied with its statutory obligations, and to the extent it is determined that there was any non-compliance, each Defendant substantially complied with its obligations and is not liable in whole or in part for any penalties.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

19. To the extent Plaintiffs or others that they seek to represent have sustained any damages, although such damages are specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or others

owed to Defendants against any judgment that may be entered against Defendants. However, with regard to any potential award to Plaintiffs or to any current or former employee sought to be represented for alleged unpaid wages, premium, or penalties, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiffs and/or current or former employees sought to be represented, and/or all obligations of Plaintiffs or current or former employees sought to be represented owed to Defendants against any judgment that may be entered against Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

20. Plaintiffs' claims and/or the claims of some or all of the others they seek to represent are barred in whole or in part by the principles of accord and satisfaction, and payment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

21. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims and the claims of each putative member of the purported class are barred in whole or in part for failure to join parties whose presence is required for a proper and just adjudication pursuant to California Code of Civil Procedure § 389 and all other applicable statutes and provisions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

22. The alleged claims are barred, in whole or in part, from proceeding as a class action because a class action is not the superior method for adjudicating this dispute.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Uncertain and Not Ascertainable Class)

23. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims, and the claims of each putative member of the purported class as set forth in the FAC, are barred in whole or in part because the FAC is uncertain and the purported class definition is uncertain, vague and ambiguous, conclusory and not ascertainable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Inadequate Representative)

24. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that the FAC fails to the extent it asserts a purported class action because each of the named Plaintiffs is an inadequate representative of the purported class.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Claims Not Typical or Common)

25. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims are barred in whole or in part because the claims alleged by the named Plaintiffs are neither common to nor typical of those of any of putative class member(s) they purport to represent.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Individual Questions Predominate)

26. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that the claims alleged by the named Plaintiffs on behalf of themselves and the alleged class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Certification Unconstitutional)

27. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that certification of a class action in this matter would constitute and/or result in a denial of Defendants' due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal, Administrative and Collectively Bargained Remedies/Preconditions)

28. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims, and the claims of each putative member of the putative

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

DB2/ 37934759.1

7

Exhibit I, Page 84

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

class sought to be represented, are barred to the extent that they failed to exhaust their internal remedies and/or their administrative remedies, failed to exhaust their pre-filing obligations, and/or failed to exhaust their labor-management collectively bargained grievance and arbitration procedures and remedies pursuant to any applicable collective bargaining agreement(s).

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (*Res Judicata*/Collateral Estoppel)

29. As a separate defense to the FAC and to every cause of action alleged therein, Plaintiffs' claims and/or the claims of the putative class members are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Injury)

30. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that to the extent any alleged failure to comply with the requirements of Labor Code section 226(a) could be proven by Plaintiffs, which Defendants expressly deny, neither Plaintiffs nor any putative member of the purported class may recover penalties because he or she did not suffer injury as a result of any such alleged failure to comply.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Federal Labor Law Preemption)

31. As a separate defense to the FAC and to every cause of action alleged therein, Plaintiffs' claims are preempted in whole, or in part, by the Labor Management Relations Act of 1947, § 301, 29 U.S.C. § 185 and the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.*

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Good Faith Action or Omission/Not Intentional)

32. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that Plaintiffs' claims and the claims of each putative member of the purported class are barred because any alleged acts or omissions by Defendants were not knowing and intentional, but rather were undertaken in good faith with reasonable grounds for believing that

Case 2:19-cv-10421-GW-JC   Document 1-10   Filed 12/09/19   Page 12 of 16   Page ID #:107

the alleged acts or omissions, if any, were not a violation of any applicable law, and rather were supported by applicable facts and/or law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Other Pending Actions)

33. Plaintiffs' claims should be abated and/or dismissed or stayed pursuant to California Code of Civil Procedure sections 430.10(c) and 597, and/or the rule of exclusive concurrent jurisdiction, because other actions are currently pending that seek to prosecute the same and/or similar claims and seek to represent the same individuals.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

34. Plaintiffs' claims and the claims of other current and former employees they seek to represent are barred to the extent Defendants acted in good faith reliance on an administrative regulation, order, ruling and/or interpretation of the Industrial Welfare Commission and/or Division of Labor Standards Enforcement and/or arbitral decisions.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Actual or Constructive Knowledge)

35. Plaintiffs' claims and those of the putative class are barred as to all hours allegedly worked as to which Defendants lacked actual and/or constructive knowledge.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Knowing Failure – Labor Code § 226)

36. Defendants allege that, even assuming *arguendo* that Plaintiffs or putative class members were not provided with a proper itemized statement of wages and deductions, they are not entitled to recover damages because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

9

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit I, Page 86

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willful Violation – Bona Fide and Good Faith Belief and Dispute)

37. If Defendants are found to have failed to pay Plaintiffs and/or any putative member of the purported class any amount due, which allegations Defendants denies, then Defendants acted, at all relevant times, on the basis of an objectively and subjectively *bona fide* good faith and reasonable belief that it had complied fully with California wage and hour laws. Consequently, Defendants' conduct was not willful within the meaning of the California Labor Code, and Defendants cannot be held liable for purported liquidated damages or any extended limitations period or penalties pursuant to Labor Code Section 203 based upon this *bona fide* and good faith dispute that any wages are due to Plaintiffs and/or other alleged putative class members.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Exemption Pursuant to Labor Code section 514)

38. As a separate defense to the FAC and to every cause of action alleged therein, Defendants allege that, at all times mentioned in the FAC, Plaintiffs and certain putative members of the purported class were not entitled to overtime pay because they were exempt from the requirement to pay overtime under, among other laws, Labor Code section 510 and the Industrial Welfare Commission Wage Order 6-2001, because Labor Code section 514 and section 3(H) of Wage Order 6 provide for a "collective bargaining exemption" to California's overtime pay requirements. All of the applicable requirements for application of the section 514 and section 3(H) exemption were met here in that Plaintiffs and the putative class members were employees at all times covered by a valid collective bargaining agreement that: (1) expressly provided for the wages, hours of work, and working conditions of the employees; (2) provided a regular hourly rate of pay of at least 30 percent more than the state minimum wage; and (3) provided premium wage rates for all overtime hours worked.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

10

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit I, Page 87

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law/No Right to Equitable Relief)

39. Plaintiffs' claims, and the claims of each putative class member, pursuant to California Business and Professions Code §§ 17200, *et seq.*, and the sought after equitable remedies, are barred because Plaintiffs and the putative class members have an adequate remedy at law.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Laches)

40. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the doctrine of laches.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Unclean Hands)

41. Plaintiffs' claims and the claims of the purported class members are barred, in whole or in part, by the doctrine of unclean hands.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiffs take nothing against Defendants by the FAC and that their FAC be dismissed with prejudice;

2. The Court deny Plaintiffs' request to certify any class(es);

3. Judgment be entered against Plaintiffs and in favor of Defendants on all causes of action;

4. Defendants be awarded costs of suit herein incurred;

5. That Defendants be awarded its attorneys' fees pursuant to Labor Code section 218.5 and all other applicable provisions and according to proof; and

6. The Court award Defendants such other and further relief as it deems just and proper.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

11

Exhibit I, Page 88

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | Dated: December 9, 2019 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By _____ |
| 4 | | Clifford D. Sethness<br>Eric Meckley |
| 5 | | Attorneys for Defendants<br>PACIFIC MARITIME ASSOCIATION, et al. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

12

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**Exhibit I, Page 89**

## PROOF OF SERVICE

I, Shari Sanders, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132.

On December 9, 2019, I served the within documents:

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

| ☒ | electronically to all counsel of record on the below service list through the Court-ordered electronic service provider, CaseAnywhere. |
|---|---|

| | |
|---|---|
| HEATHER K. McMILLAN<br>DANIEL P. STEVENS<br>KEYAN SEDEHI<br>**STEVENS & McMILLAN**<br>335 Centennial Way<br>Tustin, CA 92780<br>Tel:   (714) 730-1000/Fax:  (714) 730-1067<br>Email: heather@scmclaw.com<br>Email: ken@scmclaw.com<br>Email: keyan@scmclaw.com | *Attorneys for Plaintiffs* |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 9, 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Shari Sanders*
Shari Sanders

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 37934759.1

13

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit I, Page 90