# EXHIBIT J

```
1   CHERYL A. SABNIS (CA SBN 224323)
    csabnis@kslaw.com
2   RAMON A. MIYAR (CA SBN 284990)
    rmiyar@kslaw.com
3   KING & SPALDING LLP
    101 Second Street, Suite 2300
4   San Francisco, CA  94105
5   Telephone:     +1 415 318 1200
    Facsimile:     +1 415 318 1300
6
7   JOSEPH N. AKROTIRIANAKIS (CA SBN 197971)
    jakro@kslaw.com
8   KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
9   Los Angeles, CA 90071
    Telephone: +1 213 443 4355
10  Facsimile:  +1 213 443 4310
11
    Attorneys for Defendant TOTAL TERMINALS
12  INTERNATIONAL, LLC
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, JERRY VRBANOVIC, on behalf of themselves and other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION, PACIFIC MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING, LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED, CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES | Case No. 19STCV29526<br><br>**DEFENDANT TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Judge:   Hon. Ann Jones<br><br><u>CLASS ACTION</u> |

0

Exhibit J, Page 92

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

|   |   |
|---|---|
| 1 | INC., INTERNATIONAL TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT, LLC, MARINE TERMINALS CORPORATION, MARINE TERMINALS CORPORATION OF LOS ANGELES, , MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC., METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA STEVEDORING & TERMINALS LP, PORT MAINTENANCE GROUP, SSA MARINE, INC., SSA TERMINALS, LLC, TERMINAL EQUIPMENT SERVICES, INC., TOTAL TERMINALS INTERNATIONAL, LLC, TRAPAC, LLC, YUSEN TERMINALS, INC., CERES MARINE TERMINALS INC. (sued as Doe 1), FENIX MARINE SERVICES, LTD. dba EAGLE MARINE SERVICES, LTD. (sued as Doe 2), PACIFIC CRANE MAINTENANCE COMPANY, LLC (sued as Doe 3), PORT MAINTENANCE GROUP, INC. (sued as Doe 4), and DOES 5 through 100, inclusive,<br><br>         Defendants. |

Defendant TOTAL TERMINALS INTERNATIONAL, LLC ("TTI" or "Defendant") hereby answers the unverified First Amended Class Action Complaint for Damages (the "Complaint") filed in the above-referenced Court by Plaintiffs EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, and JERRY VRBANOVIC, on behalf of themselves and other allegedly similarly situated non-exempt former and current employees (collectively, "Plaintiffs"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Defendant generally and specifically denies each and every allegation, including each and every allegation of each purported cause of action, contained in the Complaint.  Further, Defendant denies that Plaintiffs,

or any purported member of the putative classes they seek to represent, have been injured or damaged at all by reason of any act or omission of Defendant or any of Defendant's employees, agents, or servants. Defendant denies that Plaintiffs, or any purported member of the putative classes they seek to represent, are entitled to any relief whatsoever against Defendant on the Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiffs' burden of proof or admitting that Defendant has any burden of proof or production as to any matter alleged below, Defendant hereby asserts the following affirmative defenses. Insofar as any of the following expresses denial of an element of any claim alleged by Plaintiffs, such expression is in no way intended as a concession that Plaintiffs are relieved from their burden to prove each and every element of any such claim. Defendant does not assume the burden on any matter that is not adjudged to be an affirmative defense whether listed here or not.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Claim / *Prima Facie* Case)**

Plaintiffs' Complaint, and each cause of action asserted therein, is barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs, for themselves and the putative classes they seek to represent, have failed to state a *prima facie* case for the claims alleged against Defendant. Plaintiffs, for themselves and the putative classes they seek to represent, have failed to plead, and cannot prove, the claims they purport to allege against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Defendant(s) Not an Employer)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred to the extent that Plaintiffs and/or the members of the putative classes they seek to represent were not employed by TTI or other of the named defendants in this action.

//

//

## THIRD AFFIRMATIVE DEFENSE

**(Proper Compensation to Plaintiffs and All Putative Class Members)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, because Plaintiffs and the proposed class members were at all relevant times properly and timely paid all compensation and reimbursed for all business expenses due to them, in accordance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

**(Fault of Others/Contributory Fault)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred because any damages, losses, or liability, if any exist at all, were proximately caused and/or contributed to by the conduct of others, and not TTI.

## FIFTH AFFIRMATIVE DEFENSE

**(Proportional Fault)**

TTI alleges that any alleged liability—which TTI expressly denies—found to exist is attributable to TTI proportionately only, and the remainder of any such liability (the existence of which TTI denies), is proportionately attributable to parties other than TTI.

## SIXTH AFFIRMATIVE DEFENSE

**(Not Appropriate for Class Action Treatment)**

The Complaint, and each purported claim for relief alleged therein, is not proper for treatment as a class action because, among other reasons: (1) Plaintiffs cannot provide fair and adequate representation for the putative classes; (2) Plaintiffs cannot establish the requisite commonality of questions of law or fact; (3) Plaintiffs' claims are not typical of the claims of the putative classes; (4) the putative classes lack the requisite level of numerosity; and/or (5) the individualized nature of Plaintiffs' claims predominate and thus make class action treatment inappropriate, impracticable, or unmanageable.

## SEVENTH AFFIRMATIVE DEFENSE

**(Uncertainty)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent

are barred in whole or in part because the Complaint is uncertain insofar as the purported class definitions are vague, ambiguous, conclusory, or uncertain.

### EIGHTH AFFIRMATIVE DEFENSE

**(No Ascertainable Class)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, and are not proper for class treatment, because the classes that Plaintiffs seek to represent are neither adequately defined nor clearly ascertainable.

### NINTH AFFIRMATIVE DEFENSE

**(Class Action Not Superior Process of Adjudication)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, and are not proper for class treatment, because a class action is not superior to other available methods for fairly and effectively adjudicating those claims.

### TENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are not justiciable to the extent that Plaintiffs and/or alleged members of the putative classes lack standing to bring claims in an individual, representative, or class capacity.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Class Certification Unconstitutional)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, because certification of a class action in this matter would constitute and/or result in a denial of Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California.

### TWELFTH AFFIRMATIVE DEFENSE

**(Conflicts of Interest)**

Certain interests of alleged members of the putative classes Plaintiffs seek to represent are in conflict with the interests of Plaintiffs and/or other persons Plaintiffs seek to represent, and such conflicts of interests are so significant and material as to preclude the maintenance of any

4

Exhibit J, Page 96

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

class action and/or preclude Plaintiffs from representing the interests of the persons they seek to represent.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Excessive or Unjust Penalties)**

Defendant denies that it committed, or has any responsibility for any alleged violation for which civil or statutory penalties might be incurred in this lawsuit; however, even if such penalties are imposed on Defendant, recovery of such penalties against Defendant would be unconstitutional under the Fourteenth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the Excessive Fines Clause of Article 1, Section 17 of the Constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Unjust, Arbitrary, Oppressive, or Confiscatory Penalties)**

Defendant contends that Plaintiffs and the alleged members of the putative classes they seek to represent are not entitled to recover statutory penalties against Defendant; however, in the event any such civil penalties are awarded, such penalties should be reduced because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and/or confiscatory.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Failure to Exhaust Internal or Contractual Remedies Under Collective Bargaining Agreement)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, to the extent that Plaintiffs or any alleged member of any putative class failed to exhaust available internal remedies and any labor-management collectively bargained procedures, including, without limitation, mandatory contractual grievance and/or binding arbitration procedures pursuant to any applicable collective bargaining agreements.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(*De Minimis* Doctrine)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent

5

**Exhibit J, Page 97**

1  are barred, in whole or in part, because the alleged uncompensated time for which they seek
2  relief stems from activities that are so irregular or brief in duration that employers may not be
3  reasonably required to compensate employees for the time spent on them.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Knowing Failure – California Labor Code § 226)

6  Defendant alleges that, even assuming *arguendo* that Plaintiffs or any alleged members
7  of the putative classes were not provided with an accurate, itemized statement of wages and
8  deductions, such persons are not entitled to recover damages because Defendant's alleged failure
9  to comply with California Labor Code section 226(a) was not a "knowing and intentional
10 failure" under California Labor Code section 226(e).

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Employer's Directives)

13 Plaintiffs' individual claims, and claims asserted on behalf of the putative classes they
14 seek to represent, are barred, in whole or in part, to the extent that Plaintiffs and/or alleged
15 members of the putative classes failed to substantially comply with all the directions of TTI
16 and/or other named defendants, as required by California Labor Code section 2856, insofar as
17 any plaintiff or putative class member failed to accurately report and record all hours worked,
18 take timely and compliant meal and rest periods, comply with expectations and policies
19 regarding reporting of hours worked, and/or comply with relevant employer policies or collective
20 bargaining provisions related to wages, hours, meal periods, rest periods, and/or business
21 expenses.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Injury)

24 Plaintiffs' sixth purported cause of action under California Business and Professions
25 Code sections 17200 *et seq*., is barred as to Plaintiffs and the putative classes they seek to
26 represent, to the extent they did not suffer actual injury and thus lack standing to assert a claim
27 under California Business and Professions Code sections 17200 *et seq.*
28 / /

6

Exhibit J, Page 98

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

## TWENTIETH AFFIRMATIVE DEFENSE

### (Restitution Claim Impinges on Due Process Rights)

Plaintiffs' sixth purported cause of action under California Business and Professions Code sections 17200 *et seq*. is barred as to Plaintiffs and the putative classes they seek to represent because restitution damages sought by Plaintiffs on behalf of themselves and the putative classes under California Business and Professions Code sections 17200 *et seq*. deny and/or impinge upon Defendant's procedural and substantive due process rights under the Constitution of the United States of America.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Quantifiable Sum Sought)

Plaintiffs' sixth purported cause of action under California Business and Professions Code sections 17200 *et seq*. is barred as to Plaintiffs and the putative classes they seek to represent because Plaintiffs, for themselves and the putative classes, are not seeking recovery of a quantifiable sum owed by TTI to Plaintiffs or any member of the putative classes.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Underlying Legal Violation)

Plaintiffs' sixth purported cause of action under California Business and Professions Code sections 17200 *et seq*. is barred as to Plaintiffs and the putative classes they seek to represent because Defendant is not liable to Plaintiffs or any alleged member of the putative classes for any alleged violation of any underlying state or federal laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Benefits Outweigh Harm)

Plaintiffs' sixth purported cause of action under California Business and Professions Code sections 17200 *et seq*. is barred as to Plaintiffs and the putative classes they seek to represent because the benefits of Defendant's practices with respect to Plaintiffs and the alleged members of the putative classes outweigh whatever harm or impact Plaintiffs allege such practices caused.

/ /

7

Exhibit J, Page 99

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Business Practices Not Unfair, Deceptive, or Likely to Mislead)**

Plaintiffs' sixth purported cause of action under California Business and Professions Code sections 17200 *et seq.* is barred as to Plaintiffs and the putative classes they seek to represent because Defendant's alleged business practices were not unfair, deceptive, or likely to mislead anyone.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Jury Trial for Certain Claims)**

Plaintiffs are not entitled to a trial by jury of certain of their claims, including their purported cause of action under California Business & Professions Code sections 17200 *et seq.*

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, because Defendant complied with its statutory obligations, and to the extent it is determined that there was any non-compliance, Defendant substantially complied with its obligations and is not liable in whole or in part for any penalties.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, because Defendant's actions were undertaken reasonably in good faith and for good cause with the absence of any intent to injure Plaintiffs or any alleged member of any putative class. Moreover, Defendant's actions were lawful, proper, privileged, justified, and in furtherance of the sole purpose of Defendant's lawful business activities.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Knowledge, Authorization, and/or Ratification)**

Defendant is not liable for the alleged damages to Plaintiffs or any alleged member of the putative classes because, if any person or entity engaged in willful, intentional, or unlawful conduct as alleged in the Complaint, such person or entity did so without the knowledge,

8

**Exhibit J, Page 100**

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

authorization, or ratification of Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages / Avoidable Consequences)**

Defendant is not liable for the alleged damages to Plaintiffs or any alleged member of the putative classes Plaintiffs seek to represent, as alleged in the Complaint or any claim asserted therein, because (a) Plaintiffs and the alleged members of the putative classes failed to exercise reasonable diligence in mitigating alleged monetary damages, despite having the ability to do so, and/or (b) Plaintiffs and the alleged members of the putative classes reasonably could have avoided such alleged damages.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Setoff and Recoupment)**

Defendant denies that Plaintiffs and the alleged members of the putative classes they seek to represent, or any of them, have suffered any damages whatsoever; however, to the extent that Plaintiffs or any of the alleged putative class members may establish that they suffered any damages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset against any such damages all obligations that Plaintiffs or alleged members of the putative classes owe to Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Failure to Join Necessary Parties)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, to the extent that Plaintiffs have failed to join to this litigation parties whose presences is required for a proper and just adjudication pursuant to California Code of Civil Procedure section 389, and any other similar or applicable provision of law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

9

**Exhibit J, Page 101**

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

**(Unjust Enrichment)**

Plaintiffs and the putative classes they seek to represent may not recover the damages they seek in this action because, under the circumstances presented, it would constitute unjust enrichment.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Consent/Waiver)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, by reason of their own actions or conduct, including, without limitation, Plaintiffs' and/or the alleged putative class members' consent to and/or ratification of the alleged conduct that is the subject of the Complaint.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Release)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, to the extent that Plaintiffs or any member of the putative classes entered into any agreement containing a release of claims applicable to the claims asserted in this lawsuit.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Issue and Claim Preclusion)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, by the doctrines of claim and/or issue preclusion (also known as *res judicata* and collateral estoppel).

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs and the members of the putative classes they seek to represent are estopped

10

**Exhibit J, Page 102**

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

from pursuing the Complaint, and each claim for relief alleged therein, by reason of their own actions and course of conduct.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent are barred, in whole or in part, by the doctrine of laches.

### FORTIETH AFFIRMATIVE DEFENSE

### (Preemption)

Defendant alleges that each of Plaintiffs' California-law claims on behalf of themselves and the putative classes they seek to represent are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and/or the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq*.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Abrogation, Waiver, and/or Consent by Collective Bargaining Agreement)

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent, are barred, in whole or in part, because Plaintiffs and some or all of the alleged members of the putative classes were subject to the terms and conditions of a valid and enforceable collective bargaining agreement whereby they lawfully, clearly, and unmistakably waived applicability of the California Labor Code provisions allegedly violated by Defendant, or otherwise lawfully, clearly, and unmistakably consented to the alleged conduct by Defendant about which Plaintiffs have complained.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent, are barred, in whole or in part, to the extent that they fall outside of the applicable statutes of limitations, including without limitation, California Code of Civil Procedure sections 337(a), 338(a), 339, 340(a), and 343; California Labor Code section 203; and California Business and Professions Code section 17208.

### FORTY-THIRD AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

Plaintiffs and the putative classes they seek to represent are not entitled to injunctive and/or restitutionary relief because they have an adequate remedy at law—namely, the recovery of monetary damages.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**(No Willful Violation – Reasonable and Good Faith Belief)**

Defendant alleges that it acted, at all relevant times, on the basis of an objectively and subjectively good faith, bona fide, and reasonable belief that it complied fully with California wage and hour laws and regulations; accordingly, any alleged wrongful conduct by Defendant was not willful, knowing, or intentional within the meaning of the California Labor Code. As a result of its bona fide and good faith belief that wages were not due, Defendant cannot be held liable for any alleged damages, penalties (including, without limitation, penalties under California Labor Code section 203), or extended statutes of limitations periods.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

**(Exemption Under Labor Code Section 514 & IWC Wage Orders)**

To the extent that Plaintiffs and the members of the putative classes they seek to represent seek to recover any alleged unpaid wages at the overtime premium rate prescribed by California Labor Code section 510 and California Industrial Welfare Commission Wage Order 9-2001 (or any other applicable Industrial Welfare Commission wage order), Defendant alleges that Plaintiffs and alleged members of the putative classes were not entitled to such overtime pay, because Labor Code section 514 and Section 3(H) of Wage Order 9-2001 (or any other applicable Industrial Welfare Commission wage order) provide for a "collective bargaining exemption" to California's overtime pay requirements. California Labor Code section 514 applies to Plaintiffs and the alleged members of the putative classes because (1) Plaintiffs and all alleged putative class members were covered by a valid and enforceable collective bargaining agreement; (2) the collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees, and (3) the collective bargaining agreement

provides premium wage rates for all overtime hours worked and a regular hourly rate of pay of not less than 30 percent more than the California minimum wage.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

**(Other Pending Actions)**

The claims of Plaintiffs and the putative classes they seek to represent should be abated, stayed, and/or dismissed pursuant to California Code of Civil Procedure section 430.10(c) and 597 (or other analogous provision of federal law), and/or the rule of exclusive concurrent jurisdiction, because other actions are currently pending that seek to prosecute the same and/or similar claims and seek to represent the same individuals.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

**(Compliant Meal/Rest Periods Provided)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent, are barred, in whole or in part, because Defendant provided and offered fully-compliant, timely, and uninterrupted meal and rest periods in compliance with all obligations imposed under applicable law.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

**(Consent/Waiver of Meal and/or Rest Periods)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent, are barred, in whole or in part, because to the extent Plaintiffs or any alleged member of the putative classes they seek to represent failed to take a compliant meal period or rest period, they consented to waive or have otherwise voluntarily waived such statutorily mandated meal and/or rest periods, in accordance with California law, either individually or via a valid and enforceable collective bargaining agreement.

### FORTY-NINTH AFFIRMATIVE DEFENSE

**(Expenses Not Reasonable or Necessary)**

Plaintiffs' claims on behalf of themselves and the putative classes they seek to represent, are barred, in whole or in part, because to the extent Plaintiffs or any alleged member of the putative classes they seek to represent allege that they are entitled to unreimbursed expenses,

1 such expenses were neither reasonably nor necessarily incurred in direct consequence of the
2 discharge of their duties, or of their obedience to the directions of Defendant.

### RESERVATION OF RIGHTS

Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Accordingly, Defendant hereby expressly reserves the right to assert additional affirmative defenses in the event discovery indicates those would be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiffs are entitled to any legal, equitable, injunctive, or other relief whatsoever, and prays that:

1. Plaintiffs' request to certify this action as a class action be denied;
2. Plaintiffs, individually and collectively, take nothing by way of their complaint, and that judgment be entered in favor of Defendant and against Plaintiffs;
3. The Court dismiss the Complaint, and each and every cause of action alleged therein, with prejudice;
4. Defendant recover its costs of suit incurred herein;
5. Defendant be awarded its reasonable attorneys' fees incurred in defending this action pursuant to applicable law, including, without limitation, California Labor Code section 218.5; and
6. The Court award Defendant such other and further relief as it may deem just and proper.

DATED: December 9, 2019

KING & SPALDING LLP

By: _____
Cheryl A. Sabnis
Ramon A. Miyar
Joseph N. Akrotirianakis
Attorneys for Defendant TOTAL
TERMINALS INTERNATIONAL, LLC

**Exhibit J, Page 106**

14
DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction this service was made. I am over the age of eighteen years and not a party to the within action.

On December 9, 2019, I served the following documents in the manner described below:

**DEFENDANT TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

☑   (BY U.S. MAIL)  I am personally and readily familiar with the business practice of King & Spalding LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

On the following part(ies) in this action:

**Heather McMillan**
**Daniel P. Stevens**
**STEVENS & MCMILLAN**
**335 Centennial Way**
**Tustin, Ca 92780**
**Telephone:  (714) 730-1000**
**Facsimile: (714) 730-1067**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 9, 2019, at San Francisco, California.

_____
MINA TUNSON

15

**Exhibit J, Page 107**

DEF. TOTAL TERMINALS INTERNATIONAL, LLC'S ANSWER TO FIRST AMENDED COMPLAINT
DMSLIBRARY01\25847\197001\35836229.v1-12/9/19