LEONARD CARDER, LLP
**Eleanor Morton** (SBN 220407)
emorton@leonardcarder.com
**Emily Maglio** (SBN 267190)
emaglio@leonardcarder.com
**Afroz Baig** (SBN 308324)
abaig@leonardcarder.com
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010

*Attorneys for Proposed Amicus,*
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAGELOS ANDRIKOS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION, et al.<br><br>Defendants. | Case No. 2:19-cv-10421 GW(JCx)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF THE INTERNATIONAL LONGSHORE AND WAREHOUSE UNION**<br><br>Date:      December 17, 2020<br>Time:      8:30 A.M.<br>Judge:     Hon. George H. Wu<br>Ctrm:      9D, 9th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEONARD CARDER, LLP
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400  FAX: (415) 771-7010
ATTORNEYS

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the International Longshore and Warehouse Union ("ILWU") hereby moves the Court for leave to file an *amicus curiae* brief in opposition to Plaintiffs' Motion for Class Certification. A copy of the *amicus curiae* brief is attached to this Motion as **Exhibit A**. This motion is further supported by a proposed order, filed herewith.

The ILWU requests that this Motion be heard on December 17, 2020, at 8:30 a.m. before the Honorable George H. Wu in Courtroom 9D on the 9th Floor of the above-referenced Court, located at 350 West 1st Street, Los Angeles, CA, 90012.

This Motion is made following the conference of counsel pursuant to L.R. 7-3. Counsel for the ILWU contacted counsel for Plaintiffs and Defendants prior to filing this motion. During a meet and confer telephone call on November 17, 2020, Plaintiffs' counsel stated that they will be opposing ILWU's request for leave to file an *amicus curiae* brief. Counsel for Defendant Pacific Maritime Association does not oppose this Motion, or the relief sought herein.

Respectfully submitted,

LEONARD CARDER, LLP


DATE: November 19, 2020   By:   /s/ Emily M. Maglio
Eleanor Morton (SBN 220407)
Emily Maglio (SBN 267190)
Afroz Baig (SBN 308324)

*Attorneys for Proposed Amicus,*
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

## MEMORANDUM OF POINTS AND AUTHORITIES

The International Longshore and Warehouse Union ("ILWU") respectfully request leave to file an *amicus curiae* brief in opposition to Plaintiffs' Motion for Class Certification (Dkt. 37). Plaintiffs' seek class certification based on the premise that they have been denied wages based on Plaintiffs incorrect beliefs that they and other ILWU-represented employees are under the control of the Pacific Maritime Association ("PMA") and PMA member companies (collectively "PMA Employers") when at the dispatch halls  and are entitled to reimbursement of expenses for Transportation Worker Identification Credential ("TWIC") despite the ILWU obtaining through arbitration an agreement that TWIC is not a condition of employment for the benefit and protection of ILWU-represented employees. ILWU submits this amicus brief to provide the Court with the Union's position on the adequacy of the proposed class representatives, whose claims are antithetical to the ILWU's hard fought victories securing and maintaining the joint dispatch hall system and protecting employees from being excluded from work opportunities, employer discipline, intimidation and tracking.  A proposed order granting the instant Motion, and permitting the ILWU to file an *amicus curiae* brief, is appended to this filing.

## STANDARDS AND ARGUMENT

Proposed Amici is a labor union representing a bargaining unit of approximately 25,000 longshore workers and marine clerks employed by the Pacific Maritime Association and its member companies. Employees represented by the ILWU rely on the joint dispatch hall system to ensure equitable distribution of work. The outcome of the pending Motion for Class Certification, and more broadly, the outcome of this lawsuit will significantly affect joint dispatch hall system, and the terms of the current Collective Bargaining Agreement between the Union and the PMA employers.

Courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *See also Becerra v. U.S. Dep't of the Interior*, 381 F.Supp.3d 1153, 1164 (N.D. Cal. 2019). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D. Cal. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). "[I]t is inapposite that an amicus brief raises the same issues as the parties' briefs. The salient question is whether such brief is helpful to the Court." *U.S. Dep't of the Interior*, 381 F.Supp.3d at 1164.

Further, there is no requirement that amici be totally disinterested in the litigation. *Funbus Sys. Inc., v. State of Cal. Pub. Util.* Comm'n, 801 F.2d 1120, 1125 (9th Cir. 1986) (citing *Hoptowit*, 682 F.2d at 1260). Courts in the Central District have permitted the filing of *amicus curiae* briefs when they provide a perspective that can help the Court beyond the help the lawyers for the parties are able to provide. *See Duronslet v. Cnty of Los Angeles*, 2:16-cv-08933-ODW(PLAx), 2017 WL 5643144, *2 (C.D. Cal. Jan. 23, 2017).[1] District courts within the Ninth Circuit have allowed labor unions and other parties to file *amicus curiae* briefs. *See Levin Richmond Terminal Corp. v. City of Richmond*, 20-cv-01609-YGR, 2020 WL 5074263, *1 at n.1 (N.D. Cal. Aug. 27, 2020) ("Here the

---

[1] "Here, the Court finds Lambda Legal's participation desirable. Lambda Legal advocates on behalf of transgender people, including transgender minors in foster care, and thus the outcome of this lawsuit (and any appeal therefrom) will either further or frustrate its goals. Moreover, given Lambda Legal's experience and expertise in the area of LGBT rights...the Court is convinced that it could provide perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id*. (internal quotations and citations omitted).

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

1    Court finds it appropriate to consider the views of the amici curiae because they,

2    and their respective constituents, have an interest in the issues presented"); *Safari*

3    *Club Int'l v. Harris*, 2:14-cv-01856-GEB-AC, 2015 WL 1255491 (E.D. Cal. Jan.

4    14, 2015) ("Amici's proposed brief …contains information that is not part of

5    Defendant's motion…[t]herefore, Amici's motion for leave to file an amicus brief

6    is GRANTED…); *Yim v. City of Seattle*, C18-0736-JCC, 2018 WL 5825965, *1

7    (W.D. Wash. Nov. 7, 2018) ("As the Court acknowledged by previously granting

8    leave to file *amicus* briefs…the issues in the underlying litigation could have

9    ramifications beyond the current parties…).

10   The ILWU's *amicus curiae* brief in opposition to the Plaintiffs' Motion for

11   Class Certification offers a unique perspective from the other parties involved in

12   this litigation. The Union has substantial expertise and experience in the issues

13   raised by the pending Motion—specifically, the operation and control of the

14   dispatch halls, and the fight to keep the TWIC process outside the control of the

15   PMA Employers. Further, the ILWU can shed light on the ramifications of this

16   Motion on workers represented by the Union, who stand to be directly impacted by

17   the Court's ruling on Plaintiffs' Motion for Class Certification. The PMA

18   Defendants will not be able to effectively represent the perspective of the ILWU in

19   its opposition to Plaintiffs' Motion because the PMA Employers have continuously

20   fought with the ILWU to terminate or substantially reduce the function of dispatch

21   halls for the assignment and allocation of work to longshore and clerk workers,

22   despite the historic, social and political importance of the halls to the Union as an

23   institution.

24   ///

25   ///

26   ///

27   ///

28   ///

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

## CONCLUSION

Based on the foregoing, the ILWU respectfully requests leave to file an *amicus curiae* brief in partial opposition to Plaintiffs' Motion for Class Certification.

Respectfully submitted,

LEONARD CARDER, LLP

DATE: November 19, 2020        By:        /s/ Emily M. Maglio
                                          Eleanor Morton (SBN 220407)
                                          Emily Maglio (SBN 267190)
                                          Afroz Baig (SBN 308324)

                                          *Attorneys for Proposed Amicus,*
                                          INTERNATIONAL LONGSHORE
                                          AND WAREHOUSE UNION

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010