LEONARD CARDER, LLP
**Eleanor Morton** (SBN 220407)
emorton@leonardcarder.com
**Emily M. Maglio** (SBN 267190)
emaglio@leonardcarder.com
**Afroz Baig** (SBN 308324)
abaig@leonardcarder.com
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010

*Attorneys for Proposed Amicus,*
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAGELOS ANDRIKOS, et al. | Case No. 2:19-cv-10421 GW(JCx) |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF THE INTERNATIONAL LONGSHORE AND WAREHOUSE UNION** |
| v. | |
| PACIFIC MARITIME ASSOCIATION, et al. | |
| Defendants. | Date:     December 17, 2020<br>Time:     8:30 A.M.<br>Judge:    Hon. George H. Wu<br>Ctrm:     9D, 9th Floor |

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

## INTRODUCTION

The International Longshore and Warehouse Union ("ILWU") seeks leave from the Court to file an *amicus curiae* brief in opposition to Plaintiffs' Motion for Class Certification (Dkt. 37) to provide the Court with ILWU's reasoned position on whether Plaintiffs can adequately represent their proposed classes. In their opposition to the instant Motion, the Plaintiffs make several technical, procedural arguments as to why the ILWU's Motion should not be granted and, apparently recognizing the value of the ILWU's position to the Court, barely provide any substantive argument on the merits of ILWU's Motion. As described below, Plaintiffs arguments are insufficient to show that the ILWU did not meet the legal standard to file an *amicus curiae* brief before the District Court in this matter. The ILWU respectfully requests that the Court grant it leave to file an *amicus curiae* brief.

## ARGUMENT

### A. Local Rule 7-3 Is Inapplicable and the Seven-Day Period in the Rule Would Not Change Plaintiffs' Position on the ILWU's *Amicus*

On November 13, 2020, Counsel for the ILWU contacted Plaintiffs' by email, and conveyed the ILWU's intent to file an *amicus curiae* brief. Declaration of Emily M. Maglio, ¶ 2, Exh. A. This correspondence also stated the position the ILWU intended to take in its pleading. *Id*. Plaintiffs' counsel, Heather McMillan responded to the ILWU's email and stated the Plaintiffs were not inclined to grant the ILWU's request, and were surprised that the ILWU was taking a position. *Id*. at ¶ 3. Further, Plaintiff's counsel stated that if ILWU wanted to "discuss this further," to send along availability for November 16, 2020, or November 17, 2020. *Id*. Thereafter, counsel for the ILWU and Plaintiffs spoke by phone on November 17, 2020. During this call, Plaintiffs' counsel stated that the Plaintiffs would oppose the ILWU's request for leave to file an amicus. *Id*. at ¶ 5. As a result of the discussion during the phone call, counsel for the ILWU understood that Plaintiffs'

fundamentally disagreed with the positions the ILWU sought to take in its *amicus curiae* brief. *Id*. at ¶ 6.

Plaintiffs argue that the ILWU failed to comply with Local Rule 7-3. However, it is not clear that Local Rule 7-3 applies to the ILWU's motion. Importantly, the rule states:

> In all cases not listed as exempt…counsel contemplating the filing of any motion shall first contact **opposing counsel** to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.

L.R. 7-3. Here, the ILWU is not a party to this action, and therefore is not "opposing counsel" to the Plaintiffs or the Defendant Pacific Maritime Association ("PMA"). Given this, it is not clear if the ILWU is required to comply with requirements of this local rule.

However, if the Court believes L.R. 7-3 is applicable, strict adherence to the rule is not necessary. Courts in this District have found that strict compliance with this rule may be forgiven if there is no allegation of material prejudice resulting from failure to comply with L.R. 7-3. *See James Dickey, Inc. v. Nationwide Mutual Insurance Co.*, EDCV 17-02271 JGB (KKx), 2018 WL 472789, * 2 (C.D. Cal. Jan. 18, 2018) ("Although Plaintiff could have been more diligent in its efforts to adhere to Rule 7-3, Defendants have not alleged any material prejudice resulting from Plaintiff's failure to comply. Accordingly, the Court will consider the Motion"); *See also CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply"). Here, the Plaintiffs do not allege that they suffered any material prejudice from ILWU's filing of the instant motion. Plaintiffs' sole complaint, instead, is that based on the timing of the filing their "opposition would fall due on Thanksgiving, thus causing plaintiff's response to be due one day earlier." However, at no point

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

did Plaintiffs' Counsel ask ILWU's Counsel if they would stipulate to extend their opposition date nor to continue the hearing date for the instant motion to the following December 28 law and motion calendar, which would have postponed their opposition date. ILWU further notes that Plaintiffs' complaint does not derive from L.R. 7-3, but rather from L.R. 7-9, which sets the deadline to respond to motions as 21-days before the noticed hearing date. Plaintiffs' opposition would have been due the day before Thanksgiving holiday even if counsel had exchanged their conference emails a day earlier or conferred by telephone a couple days earlier. Notably, Plaintiffs do not claim that the ILWU and Plaintiffs would have been able "to reach a resolution which eliminates the necessity for a hearing" if the ILWU had emailed a day earlier and if Plaintiffs' counsel had been available to speak that day. As a result, Plaintiffs' Opposition does not allege that they suffered apparent prejudice.

In the interest of judicial economy, the ILWU filed its Motion on November 19, 2020, so that the Court could hear it on the same day as Plaintiffs' Motion for Class Certification. Maglio Decl., ¶ 7. However, since then, the Court granted the parties' stipulation to continue the hearing on Plaintiffs' Motion for Class Certification to December 28, 2020. (Dkt. 47). As the ILWU believes that judicial economy will be served by having it's Motion heard on the same day, the ILWU intends to file a motion or stipulation to continue the hearing on its motion to December 28, 2020, depending on the position of the Plaintiffs and Defendants.

## B.    Federal Rule of Appellate Procedure 29 Inapplicable

Plaintiffs next argue that the ILWU failed to comply with Fed. R. App. P. 29. Notably, Plaintiffs cite to ***no*** authority from the Ninth Circuit stating that strict adherence to Rule 29 is required by district courts. The Central District has permitted parties to file *amicus* briefs without ***any*** discussion regarding compliance with Rule 29. *See Duronslet v. Cnty of Los Angeles*, 2:16-cv-08933- ODW(PLAx), 2017 WL 5643144 (C.D. Cal. Jan. 23, 2017). Simply put, Plaintiffs' insist that

ILWU's proposed *amicus* brief comply with the Federal Rules of Appellate Procedure without citing to any controlling authority. Further, such a stance contradicts the broad distraction that district courts have to appoint aimici curiae. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)).

Specifically, Plaintiffs state that the ILWU's *amicus* brief did not comply with Rule 29(a)(4). There is no comparable requirement in the Federal Rules of Civil Procedure nor this Court's Local Rules. In an abundance of caution, however, the ILWU states that its own counsel authored its proposed *amicus* brief, that no other party or their counsel contributed money that was intended to fund the preparation or submission of the brief, and no person, other than ILWU, contributed money that was intended to fund the preparation or submission of the proposed *amicus* brief. *See* Declaration of Emily M. Maglio, attached hereto, at ¶ 8. Any questions the Plaintiffs or the Court may have had as to this point are resolved. If the Court deems it necessary, the ILWU is amenable to re-submitting its proposed *amicus curiae* brief with a Rule 29(a)(4) statement. However, the record on this matter is clear – the ILWU is the only entity involved in preparing and submitting its proposed *amicus* brief.

Plaintiffs also take issue with the number of pages in the proposed *amicus curiae* brief, and argue that adherence to Federal Rules of Appellate Procedure requires that the brief be half the length of the Plaintiffs' Motion for Class Certification. Again, such a limitation is clearly not recognized in the Central District, as the *amicus curiae* brief accepted by the court in *Duronslet* was 25 pages in length. *See Duronslet v. Cnty of Los Angeles*, 2:16-cv-08933-ODW(PLAx), 2017 WL 5643144, *2 (C.D. Cal. Jan. 23, 2017). Rather, the Local Rules of this Court do not provide any express limit on *amicus* briefs, but do provide a 25 page limit on memoranda of points and authorities, *see* L.R. 11-6, with which, if applicable, the ILWU complied with. The ILWU further notes that Fed. R. App. P. 32(a)(7)

LEONARD CARDER, LLP
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010
ATTORNEYS

permits longer briefs than the Central District's Local Rules and that this Court granted a stipulation to permit the Defendants to file at 35-page memorandum of points and authorities in opposition to class certification and extended the page limit of Plaintiffs' reply by 10 pages. (Dkt. 42, 47). As a result, the Plaintiffs' attempt to apply the appellate court limitation on the length of the ILWU's proposed brief, seeks to impose a page limitation that simply does not exist under the local rules of this Court. L.R. 11-6 permits memorandum of points and authorities to be 25 pages, and the ILWU's proposed brief is only 17.5 pages.

## C.     The ILWU's Amicus Brief is Helpful to the Court and Provides a Perspective Not Offered by the Plaintiffs or Defendant PMA

While Plaintiffs do not see the issues involved in this litigation—primarily the operation and control of the dispatch hall—beyond the instant litigation, the ILWU does, and its proposed *amicus curiae* brief discusses the ramifications of this lawsuit, and Plaintiffs' Motion for Class Certification, on the workforce it represents. This is precisely why the ILWU's position is helpful to the Court—it highlights the differences between the duly elected representative of the workers Plaintiffs seek to represent and the Plaintiffs. There is no dispute that workers represented by the ILWU will be impacted if the Court grants class certification. The ILWU represents a perspective separate and apart from either party involved in this litigation—one that is singularly focused on the best interests of the workers. The Plaintiffs' do not represent the interests of the workers, and as a result, are inadequate class representatives.

Plaintiffs argue that because the motion pending before the Court is for class certification, and not summary judgment, the ILWU's arguments about the operation and control of the dispatch halls are not appropriate. However, Plaintiffs' Motion for Class Certification makes factual assertions about these very topics to bolster their arguments, and therefore, these issues are before the Court when considering whether to grant class certification. If they were not, Plaintiffs' Motion

LEONARD CARDER, LLP
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010
ATTORNEYS

1   for Class Certification would not have a section entitled "legal and factual basis for

2   claims asserted."[1] Dkt. 37-1.

3       Next, the Plaintiffs make a misguided statement that Unions and employers

4   are not exempt from California wage laws because they have historically done

5   things a certain way. This argument illustrates that the Plaintiffs fundamentally

6   misunderstand the ILWU's perspective and position. The ILWU, as discussed in

7   depth in its proposed *amicus curiae* brief, is concerned about preserving the

8   dispatch hall process.[2] Put simply, Plaintiffs' claims mischaracterize the dispatch

9   halls as under the employers' exclusive control, and part of the job site. These

10  assertions are false and dangerous as they undercut the interests of the ILWU

11  longshore bargaining unit that Plaintiffs aspire to represent in this lawsuit. As a

12  result, the ILWU does not believe that Plaintiffs are adequate class representatives.

13  The ILWU's objections to Plaintiffs' Motion for Class Certification are not borne

14  out of a belief that the Defendant PMA is exempt from California wage and hour

15  laws.

16      Plaintiffs also take issue with the ILWU's discussion of the history regarding

17  the dispatch halls in the proposed brief. However, the historical discussion not only

18  illuminates for the Court how the current system came to be, it also demonstrates

19  why preserving the dispatch hall system is in the interest of the ILWU, and the

20  workers it represents, as well as the adversity between the ILWU and the PMA

21

22  [1] See Plaintiff's Motion for Class Certification, Section III, Legal and Factual Basis
    for Claims Asserted, at pg. 11: "Here, the class members are required to be onsite,
23  they are restricted from leaving, they must be present and respond immediately
24  when their number is called, and while they are waiting for their number to be called
    they are limited as to what personal activities they can engage in." (Dkt. 37-1).
25

26  [2] Plaintiffs make the representation that they have not asked the court for any
    equitable relief. *See* Dkt. 46, p. 5. This is inaccurate. Plaintiffs' First Amended
27  Complaint filed on December 6, 2019, alleges an unfair competition claim, and asks
28  for "an injunction and other declaratory and equitable relief against such practices
    to prevent future damage…"

LEONARD CARDER, LLP
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010
ATTORNEYS

employers regarding the dispatch halls, which explain why the PMA employers cannot represent the ILWU's perspective in opposing class certification.

Lastly, Plaintiffs' state that the ILWU's position as to the TWIC cards suggests, "they are actively violating the law by sneaking employees without cards into the dock areas." This assertion demonstrates the Plaintiffs' lack of understanding about the very processes they attempt to challenge in their lawsuit, and highlights why the Plaintiffs are inadequate class representatives. "All persons requiring *unescorted* access to secure areas of vessels, facilities, and OCS facilities…must possess a TWIC before such access is granted…" 33 C.F.R. § 101.514(a) (emphasis added). However, 33 C.F.R. § 101.515 allows individuals under escort to gain entry to a vessel, facility, or OCS facility by showing personal identification. *See* 33 C.F.R. § 101.515(a) ("Persons not described in § 101.514 must present personal identification in order to gain entry to a vessel, facility, and OCS facility …[t]hese individuals must be under escort…while inside a secure area"). Further, the personal identification required pursuant to 33 C.F.R. § 101.515(a) can be issued by the government, or by the individual's employer, union, or trade association. 33 C.F.R. § 101.515(b). As a result, the code of federal regulations contemplates that individuals *without* TWIC can lawfully gain entry to a vessel, facility, and OCS facility. Plaintiffs' assertions that the ILWU's fight to keep the TWIC process outside the control of the PMA Employers is somehow a violation of law fundamentally illustrates their inability to understand the complexity surrounding the processes that affect workers represented by the ILWU. The Plaintiffs' failure to understand the TWIC process illustrates the importance of allowing the ILWU's proposed *amicus* brief – the Union has a perspective and knowledge that the parties in this litigation lack.

///

///

///

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

Based on the foregoing, the ILWU respectfully requests leave to file an *amicus curiae* brief in partial opposition to Plaintiffs' Motion for Class Certification.

Respectfully submitted,

LEONARD CARDER, LLP

DATE: December 2, 2020          By:     /s/ Emily M. Maglio
                                        Eleanor Morton (SBN 220407)
                                        Emily M. Maglio (SBN 267190)
                                        Afroz Baig (SBN 308324)

                                        *Attorneys for Proposed Amicus,*
                                        INTERNATIONAL LONGSHORE
                                        AND WAREHOUSE UNION

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010