UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10421-GW-JCx | Date | February 1, 2024 |
|---|---|---|---|
| Title | *Evangelos Andrikos, et al. v. APM Terminals Pacific, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULINGS ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO F.R.C.P. 23(e) [246]; and PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE ENHANCEMENTS PURSUANT TO F.R.C.P. 23(h) [245]

Plaintiffs' Motions for: (1) Final Approval of Class Action Settlement (Docket No. 246) and (2) Award of Attorneys' Fees, Expenses, and Class Representative Enhancements (Docket No. 245) came on for hearing on January 25, 2024 (Docket No. 256). Prior to said hearing, the Court issued "Tentative Rulings" granting said motions (Docket No. 255). Prior to the hearing, the Court was made aware that there was one objector (out of the approximately 18,782 persons who had received notice) who had made objections regarding the class action settlement, but who had not filed any documents with the Court to that effect. *See* Tentative Rulings at 4, n.2. The hearing was continued for a week in order for the objections to be filed with the Court.

The objections were filed on January 29, 2024. *See* Docket No. 254. In response, on January 30, 2024, the Court issued "Supplemental Tentative Rulings" on the motions. *See* Docket No. 258.

At the February 1, 2024 second hearing on the motions, the Court heard further presentations from the parties and from counsel for the objecting class member Anthony Wheeler. *See* Docket No. 259.

After considering all of the filings on the motions, the entire case file and the arguments of counsel, the Court grants the motions for the reasons stated in the Tentative Rulings and Supplemental Tentative Rulings. Plaintiffs' counsel is to prepare proposed orders as to the granting of said motions within the next three business days.

The Court would add one final determination as to part of the arguments made by the objector's counsel at the second hearing. Wheeler's objection regarding the potential inclusion of some individuals in the class who would have not received notice of the settlement comes too late. This objection clearly could have been made when he first served the parties, and ultimately filed with the Court, his objection.

|  | : |
|---|---|
| Initials of Preparer | JG |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10421-GW-JCx | Date | February 1, 2024 |
|---|---|---|---|
| Title | *Evangelos Andrikos, et al. v. APM Terminals Pacific, LLC, et al.* | | |

Indication from the parties' counsel at the hearing was that they did not believe any individuals would fall into this category. While that statement may not have been specific, considering that they were responding to brand new objection raised on the spot, the Court does not fault them in this regard. In any event, the Court believes any such people would be, at most, a de minimis number, a conclusion that would no doubt be true with respect to the number of claims impacted aswell. Moreover, as everyone involved in this litigation is aware, the fact of this litigation has been a big issue amongst the workforce at the ports, largely because of emphasis on it from the intervening union (ILWU). If indeed any such people exist, the Court finds it highly unlikely that they would be completely ignorant of these proceedings. Yet, it again notes that only one person has objected, and no one has shown up at either of the final approval hearings indicating that they fall within the group of people Wheeler speculates might exist, and that they consider their rights improperly in jeopardy because of the time set for the end of the class period. These are all reasons why the Court believes Wheeler's latest concern does not warrant tossing this hard-fought settlement out the porthole.

:  _____

Initials of Preparer   JG