# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAGELOS ANDRIKOS, BRYANT BURNS, MICHAEL OLVERA, PAUL RUIZ, JERRY VRBANOVIC, on behalf of themselves and other similarly situated non-exempt former and current employees,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC MARITIME ASSOCIATION, PACIFIC MARITIME ASSOCIATION, INC., APM TERMINALS PACIFIC LLC, APS STEVEDORING, LLC, BENICIA PORT TERMINAL COMPANY, CERES TERMINALS INCORPORATED, CRESCENT CITY MARINE WAYS & DRYDOCK COMPANY, INC., EAGLE MARINE SERVICES, LTD., EVERPORT TERMINAL SERVICES, INC., HARBOR INDUSTRIAL SERVICES CORPORATION, INNOVATIVE TERMINAL SERVICES INC., INTERNATIONAL TRANSPORTATION SERVICE, INC., KINDER MORGAN BULK TERMINALS LLC, LBCT, LLC, MARINE TERMINALS CORPORATION, MARINE TERMINALS CORPORATION OF LOS ANGELES, MATSON NAVIGATION COMPANY, INC., MATSON TERMINALS, INC., | Case No. CV 19-10421-GW-JCx<br><br>District Judge:   Hon. George H. Wu<br><br>Magistrate Judge: Hon. Jacqueline Choolijian<br><br>**JOINT FINAL JUDGMENT AS TO PLAINTIFFS' WAGE STATEMENT AND TWIC-REIMBURSEMENT CLAIMS**<br><br>Action Filed:   August 22, 2019<br>Removed:       December 9, 2019 |

1

| | |
|---|---|
| 1 | METROPOLITAN STEVEDORE COMPANY, OCEAN TERMINAL SERVICES, INC., PACIFIC CRANE MAINTENANCE COMPANY LP, PACIFIC RO-RO STEVEDORING, LLC, PASHA STEVEDORING & TERMINALS LP, PORT MAINTENANCE GROUP, SSA MARINE, INC., SSA TERMINALS, LLC, TERMINAL EQUIPMENT SERVICES, INC., TOTAL TERMINALS INTERNATIONAL, LLC, TRANSPAC TERMINAL SERVICES, LLC, TRAPAC, LLC, YUSEN TERMINALS, INC. and DOES 1 through 100, inclusive, Defendants. |

JOINT FINAL JUDGMENT AS TO PLAINTIFFS' WAGE STATEMENT AND TWIC-REIMBURSEMENT CLAIMS

# FINAL JUDGMENT

The Plaintiffs in this action are Evagelos Andrikos, Bryant Burns, Michael Olvera, Paul Ruiz, and Jerry Vrbanovic, who filed suit on behalf of themselves and other similarly situated non-exempt former and current employees. The Defendants in this action are the Pacific Maritime Association ("PMA")[1] and several of its members: APM Terminals Pacific LLC; APS Stevedoring, LLC; Benicia Port Terminal Company; Ceres Terminals Incorporated; Crescent City Marine Ways & Drydock Company, Inc.; Eagle Marine Services, Ltd. (which is currently known as Fenix Marine Services, Ltd.); Everport Terminal Services, Inc.; Harbor Industrial Services Corporation; Innovative Terminal Services Inc.; International Transportation Service, Inc.; Kinder Morgan Bulk Terminals LLC; LBCT, LLC; Marine Terminals Corporation; Marine Terminals Corporation of Los Angeles; Matson Navigation Company, Inc.; Matson Terminals, Inc.; Metropolitan Stevedore Company; Ocean Terminal Services, Inc.; Pacific Crane Maintenance Company LP; Pacific Ro-Ro Stevedoring, LLC; Pasha Stevedoring & Terminals LP; Port Maintenance Group; SSA Marine, Inc.; SSA Terminals, LLC; Terminal Equipment Services, Inc.; Total Terminals International, LLC; Transpac Terminal Services, LLC; Trapac, LLC; and Yusen Terminals, Inc. (collectively, the "Member Company Defendants").

On January 20, 2022, the Court issued an Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification. (ECF No. 130.) The Court certified, *inter alia*, a Class of "[a]ll current and former hourly employees who performed work for any or all of the Defendants at any of the ports in California and were paid on an hourly basis during the class period (defined as

---

[1] Plaintiffs' Complaint also named Pacific Maritime Association, Inc. as a defendant, but no such entity exists.

August 22, 2015 to the present)." (*Id.*) At the same time, the Court certified the following two Subclasses:

1. **Wage Statement Subclass**. All current and former hourly employees who were employed by Defendants in the State of California between August 22, 2018, and December 31, 2019, who during that time period received at least one wage statement with Company numbers printed on the front of the statement and Company names and addresses printed on the back of the statement.

2. **TWIC Card Expense Subclass**. All hourly employees who were employed by Defendants in the State of California who paid a fee for a TWIC card or a TWIC card renewal during the class period in order to gain admittance to a California port, and who were not reimbursed.

(*Id.*)

On or about March 1, 2022, members of the foregoing two Subclasses were given Court-approved notice, pursuant to Federal Rules of Civil Procedure 23(c)(2)(B), of this action and the Court's certification order, and they were given the opportunity to opt out of the Class, through the deadline of April 15, 2022.

On December 20, 2022, the Court granted Defendants' motion for partial summary judgment on Plaintiffs' Wage Statement Subclass claim. (ECF Nos. 149, 152.)

On February 7, 2024, the court approved the Parties' settlement of Plaintiffs' Dispatch Hall Waiting Time and Travel Time and related Subclass claims (ECF No. 266), leaving Plaintiffs' TWIC Card Expense Subclass claim, and any claims that derive therefrom, if any, as the only claims remaining to be tried at that point.

On May 23, 2024, the Court granted Plaintiffs' motion for summary judgment regarding their TWIC Card Expense Subclass claim. (ECF No. 305.)

The Class currently consists of all hourly employees in the TWIC Card Expense Subclass and the Wage Statement Subclass, who did not properly request

exclusion by the applicable opt-out deadline.

The class period for the TWIC Card Expense Subclass is August 22, 2015, through August 22, 2024 ("TWIC Card Judgment Period").

The damages and pre-judgment interest through August 22, 2024, on the TWIC Card Expense Subclass claim during the TWIC Card Judgment Period is $6,599,227.74 ("TWIC Card Expense Subclass Judgment").[2] Plaintiffs moved for class attorney fees and costs, statutory attorney fees and costs, and for the class representatives to receive enhancement fees. After having reviewed the paperwork and having held a full hearing, the court awards Class Counsel 25% of the total Class Award for Attorney's fees ($1,649,806.94) plus $5,998.90 in costs. The court further awards the Class $1,655,805.94 in statutory fees and costs. The judgment in the sum of $6,599,227.74 will not be reduced by the attorneys' fees and costs paid to Class Counsel. In addition, the court awards the five named Class Representatives $7,000.00 each for enhancement fees. Thus, the net TWIC Card Expense Subclass Judgment to the class is $6,599,227.74 less Class Representative Enhancements. The TWIC Card Expense Subclass Judgment will continue to accrue post-judgment interest at the applicable statutory rate until paid in full.

TWIC Card Expense Subclass members purchased or renewed TWIC cards every five years. The dollar amount of the Net TWIC Card Expense Subclass Judgment ("Fund") will be disbursed as follows ("Distribution Formula"):

---

[2] On February 20, 2024, the Court granted the Parties' stipulation establishing that "the amount of damages for the TWIC Card claim, inclusive of interest, as of May 15, 2024, is $6,188,292.00; [and] that after that date, the damages including interest will increase at the rate of $88,638.00 per month." ECF No. 268. Thus, the final damages and interest amount through August 22, 2024, covered by this Judgment is $6,476,789.80 ($6,188,292 + 3.25 (months between 5/15/24 and 8/22/24) x $88,638.00 = $6,476,789.80). Interest from August 22 through the hearing date, January 6, 2025 equals $122,437.94, thus the total judgment on this claim is $6,599,227.74 plus attorneys' fees and costs.

1. 1 share of the Fund to every TWIC Card Expense Subclass Member whose first day and last day worked during the TWIC Card Judgment Period span fewer than 5 years; and,

2. 2 shares of the Fund to every TWIC Card Expense Subclass Member whose first day and last day worked during the TWIC Card Judgment Period span 5 or more years.

The Parties continue to disagree regarding whether Defendants Kinder Morgan Bulk Terminals LLC; Matson Navigation Company, Inc.; Matson Terminals, Inc.; SSA Marine, Inc.; and PMA employed any Plaintiff or member of the TWIC Card Expense Subclass. While Plaintiffs insist that those entities have employed members of the TWIC Card Expense Subclass, they have agreed to dismiss those five entities only from the TWIC Card Expense Subclass claim only. Nevertheless, PMA has agreed to pay, and will pay, all amounts owed under this Judgment on behalf of those Defendants who have not been dismissed from the TWIC Card Expense Subclass claim. As a condition of dismissing PMA, PMA has secured a bond or other security acceptable to the Court pursuant to Federal Rule of Appellate Procedure Rule 8 in the entire amount of the Judgment to be entered on the TWIC Card Expense Subclass claims, including post Judgment interest accruing thereon, until the issuance of the mandate by the Court of Appeal of any appeal thereon.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

That Judgment be entered in favor of Defendants and that Plaintiffs shall receive nothing on Plaintiffs' Wage Statement Subclass claims or any claims that derive therefrom, if any, including Plaintiffs' Unfair Competition and Terminated Employee Waiting Time Subclass claims;

The TWIC Card Expense Subclass claim and any claims that derive therefrom, if any, including Plaintiffs' Unfair Competition and Terminated

Employee Waiting Time Subclass claims only, are dismissed as against Defendants Kinder Morgan Bulk Terminals LLC; Matson Navigation Company, Inc.; Matson Terminals, Inc.; SSA Marine, Inc.; and PMA only (the "Dismissed Defendants");

  That Judgment be entered in favor of Plaintiffs on Plaintiffs' TWIC Card Expense Subclass claim and any claims that derive therefrom, if any, including Plaintiffs' Unfair Competition and Terminated Employee Waiting Time Subclass claims, and against the Member Company Defendants, other than the Dismissed Defendants, and that all members of said Subclass have and recover the sum of $6,599,227.74 for damages and statutory fees and costs, which shall be distributed to members of the TWIC Card Expense Subclass according to the foregoing Distribution Formula, and post-judgment interest on the TWIC Card Expense Subclass Judgment will continue to accrue thereon at the statutory rate until paid in full;

  That Class Representatives Evagelos Andrikos, Bryant Burns, Michael Olvera, Paul Ruiz and Jerry Vrbanovic will receive $7,000.00 each from the Judgment Amount paid by Defendants;

  That in addition Class Counsel shall recover from Defendants $1,655,805.94 in fees and costs from Defendants;

  That, unless overturned on appeal, the Member Company Defendants, other than the Dismissed Defendants, shall be obligated to pay the amounts owed under this Judgment; Dismissed Defendant PMA has agreed to pay, and guarantees it will pay, all the amounts owed under this Judgment on behalf of those Member Company Defendants; and PMA will pay all reasonable fees up to a maximum of $100,000.00 for the Class Administrator. If such fees exceed $100,000.00 and all appeals have been exhausted, then the Parties shall work cooperatively to attempt to resolve the payment of such fees, and if the Parties are unable to resolve any disputes regarding the payment of such fees, then they shall be permitted to file a motion for costs related to such fees; and

JOINT FINAL JUDGMENT AS TO PLAINTIFFS' WAGE STATEMENT AND TWIC-REIMBURSEMENT CLAIMS

That the Parties, except the Dismissed Defendants, retain all rights to appeal any issues covered by this Judgment, subject to the applicable rules and procedures, except those issues already stipulated to in writing (ECF 319).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiffs recover from Member Company Defendants other than dismissed Defendants the sum of $8,255,033.68, including attorneys' fees and costs, with interest to accrue thereon at the statutory rate from January 6, 2025 until paid.

Dated: January 14, 2025     By: _____
                                HON. GEORGE H. WU,
                                United States District Judge